**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| MICHELLE O'LEARY, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>YES COMMUNITIES, LLC,<br><br>                Defendant. | **PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE CASES**<br><br><br>Civil Action No.: 1:25-cv-692 |
| TERRY WILKINS, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>YES COMMUNITIES, LLC,<br><br>                Defendant. | Civil Action No.: 1:25-cv-698 |
| TERESA STARKS, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>YES COMMUNITIES, LLC,<br><br>                Defendant. | Civil Action No.: 1:25-cv-728 |

BRENTON KAY, individually and on behalf of all others similarly situated,

     Plaintiff,

v.

YES COMMUNITIES, LLC,

     Defendant.

Civil Action No.: 1:25-cv-819

## PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE CASES

Plaintiff Michelle O'Leary (Plaintiff in the related case *O'Leary v. Yes Communities, LLC*, Case No. 1:25-cv-692), Plaintiff Terry Wilkins (Plaintiff in the related case *Wilkins v. Yes Communities, LLC*, Case No. 1:25-cv-698), Plaintiff Teresa Starks (Plaintiff in the related case *Starks v. Yes Communities, LLC*, Case No. 1:25-cv-728), and Plaintiff Brenton Kay (Plaintiff in the related case *Kay v. Yes Communities, LLC*, Case No. 1:25-cv-819) (collectively, "Plaintiffs"), hereby move this Court to enter an order consolidating the three above-captioned cases (the "Related Actions") pursuant to Fed. R. Civ. P. 42(a).[1]

This Motion also seeks to stay all case deadlines in the cases proposed for consolidation during the pendency of this Motion, including deadlines for Defendant Yes Communities, LLC ("Defendant") to respond to the respective complaints. Plaintiffs request Defendant's response to the respective complaints be set as follows: if the Court grants the Motion to Consolidate, 45 days

---

[1] A copy of Proposed Order is annexed hereto as **Exhibit A**.

from the filing of a consolidated complaint; or if the Court denies the Motion to Consolidate, 45 days from the date of the Court's Order of denial.

## D.C.COLO.LCivR 7.1 CERTIFICATION

Pursuant to D.C.Colo.LCivR 7.1.A, counsel for the Plaintiffs conferred with counsel for all parties (Plaintiffs and Defendant) in each of the above-captioned actions which Plaintiffs are seeking to consolidate. Undersigned counsel report that all parties agreed to consolidation.

### I.     INTRODUCTION

The Related Actions arise from Defendant's failure to adequately safeguard the Private Information of its clients and employees, which was collected by Defendant as a condition of providing employment or housing and related services. This failure led to a Data Breach of Defendant's systems from approximately December 9, 2024, to December 11, 2024, which compromised the personally identifiable information of Defendant's former and current clients and employees ("Private Information"), including their names, Social Security numbers, driver's license or state-issued ID numbers, and financial account information.

Accordingly, the Related Actions similarly allege, *inter alia*, that Defendant knew, or should have known that its clients' and employees' Private Information was a target for malicious actors, but despite that knowledge, failed to implement and maintain reasonable and appropriate data privacy and security measures to protect Plaintiffs' and class members' Private Information from anticipated cyberattacks. Plaintiffs submit substantially similar allegations that they and class members have been injured by Defendant's negligent conduct, and seek damages and injunctive and declaratory relief on behalf of overlapping classes.

Consolidation should be granted as (a) the Related Actions involve common parties and similar issues of law and fact (asserting largely overlapping causes of action related to the same Data Breach), (b) the putative class representatives in each of the Related Actions seek to represent similar classes of persons (collectively referred to herein as the "Class") whose Private Information was compromised as a result of the Data Breach of Defendant's systems from approximately December 9, 2024 to December 11, 2024, and for which it provided notice, (c) Plaintiffs and the proposed Class were similarly impacted by the Data Breach, and (d) the Related Actions arise out of similar circumstances, thus making consolidation under Rule 42(a) appropriate.

## II.  ARGUMENT FOR CONSOLIDATION OF RELATED CASES

Federal Rule of Civil Procedure 42(a) allows for consolidation of cases "involving common issues of law or fact as a matter of convenience and economy in judicial administration." The Court has broad discretion to decide whether to consolidate matters. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). Further, "[t]he consent of the parties is not required by Rule 42(a) for consolidation." Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2383 (2d ed. 1994). When deciding whether to consolidate the actions, "the court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause." *Id.* "[D]istrict courts generally take a favorable view of consolidation." *Id*. at § 2383.

Here the Related Actions should be consolidated. Consolidation would save time and effort, as it would avoid duplicative motion practice and discovery. The actions raise the same common questions of law and arise from the same set of facts surrounding Defendant alleged failure to properly secure, safeguard, and protect the Private Information of Defendant' former and

3

current patients and employees in the same Data Breach. The Related Actions will involve substantially the same discovery. Consolidation would add efficiency and consistency in judicial rulings and would reduce delay and costs. *See Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004).

Indeed, if not consolidated, the Related Actions would result in virtually identical discovery requests, duplicative motion practice, and would cause an unnecessary drain on judicial resources. This is still true despite minor variations in class definitions and causes of actions (*e.g.*, only Plaintiff Starks alleges invasion of privacy). As explained in *Kaplan v. 21st Century Oncology Holdings*, a data breach case where the court granted a motion to consolidate various class complaints,

> the Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well....
>
> To be sure, the complaints in some of the cases assert claims that are not raised in the other related cases. Moreover, the putative class definitions vary among the related cases. Consolidation does, therefore, carry with it some risk of prejudice and also the possibility of confusion based upon these variations. The Undersigned finds, nevertheless, that the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues. In other words, with thirteen separate cases pending, the Undersigned finds that the risk of inconsistent adjudications of common factual and legal issues far outweighs any specific risks of prejudice and possible confusion that may be caused by variations in claims and class definitions. Moreover, the nuances in claims and putative class definitions can likely be addressed in the consolidated amended complaint through the use of putative subclasses once the request to appoint interim class counsel has been addressed.

*Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 2:16-cv-210, 2016 WL 9383330, at *2-3 (M.D. Fla. July 21, 2016), adopted No. 2:16-cv-210, 2016 WL 4204781 (M.D. Fla. Aug. 10,

2016) (internal citations omitted). To this end, courts have recognized that consolidation is appropriate in data breach cases where two or more cases arise from the same occurrence. *See, e.g.*, *id.*, 2016 WL 9383330, at *2 ("[A]ll of the cases appear to arise from the same alleged data breach. Additionally, all of the cases are pled as class actions with class allegations under Fed. R. Civ. P. 23, and all of the cases share at least one similar substantive claim: negligence. Moreover, all cases were filed against a common Defendant."); *In re Rutter's Inc. Data Security Breach Litigation*, No. 1:20-cv-382, ECF No. 12 (M.D Pa. Mar. 26, 2020) (consolidating two data breach class actions), ECF No. 17 (April 3, 2020) (later consolidating two additional actions that were filed into the consolidated action).

In addition, to ensure continued judicial efficiency, the Court should order that any future actions that are filed, transferred, or removed to this Court based on the same or similar facts and circumstances be consolidated with this case. *In re Rutter's Inc. Data Security Breach Litigation*, ECF No. 12 (consolidating "any future related actions, under the docket number of this, first-filed case"), ECF No. 17 ("[T]he Clerk of Court is directed to mark as 'Related' and to consolidate with this action all future actions that are filed in, transferred to, or removed to this District that relate to the same data breach at issue in this case.").

Finally, Defendant will suffer no prejudice by litigating one consolidated action rather than these four or potentially more separate actions, and as a result, consolidation is appropriate.

### III.    CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court enter an order consolidating the Related Actions.

Dated: March 17, 2025                    Respectfully submitted,

             */s/Josh Sanford*
             Josh Sanford
             Col. Bar No. 44358
             **SANFORD LAW FIRM, PLLC**
             10800 Financial Center Pkwy, Suite 510
             Little Rock, Arkansas 72211
             Phone: (501) 221-0088
             josh@sanfordlawfirm.com

             */s/Jarrett Ellzey*
             Jarrett Ellzey
             Texas Bar No. 24040864
             Leigh S. Montgomery*
             **EKSM, LLP**
             4200 Montrose Blvd., Suite 200
             Houston, Texas 77006
             Phone: (888) 350-3931
             jellzey@eksm.com
             lmontgomery@eksm.com
             service only: service@eksm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that that the foregoing document was filed with the Court through the ECF system on March 17, 2025, and will automatically be served on all counsel of record.

             */s/Josh Sanford*
             Josh Sanford