IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 25-cv-00692-PAB-NRN

(Consolidated with Civil Case Nos. 25-cv-00698-PAB-NRN, 25-cv-00728-PABNRN, 25-cv-00819-PAB-NRN, and 25-cv-00937-KAS)

Civil Case No. 25-cv-00692-PAB-NRN

MICHELLE O'LEARY, on behalf of herself and all others similarly situated,

Plaintiff,
v.

YES COMMUNITIES, LLC,

Defendant.

Civil Case No. 25-cv-00698-PAB-NRN

TERRY WILKINS, individually and on behalf of all others similarly situated,

Plaintiff,
v.

YES COMMUNITIES, LLC,

Defendant.

Civil Case No. 25-cv-00728-PAB-NRN

TERESA STARKS, on behalf of herself and all others similarly situated,

Plaintiff,

v.

YES COMMUNITIES, LLC,

Defendant.

Civil Case No. 25-cv-00819-PAB-NRN

BRENTON KAY, individually and on behalf of all others similarly situated,

Plaintiff,
v.

YES COMMUNITIES, LLC,

Defendant.

Civil Case No. 25-cv-00937-KAS

JASMIN BURNS, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

YES COMMUNITIES, LLC.

      Defendant.

# [PROPOSED] SCHEDULING ORDER

1. **DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

    The parties' scheduling conference with the court is scheduled to be held telephonically on June 4, 2025 at 10:30 a.m. The counsel appearing on behalf of Plaintiff will be Raina Borrelli and Leigh Montgomery. The counsel appearing on behalf of Defendant will be Carolyn Purwin Ryan and Bianca A. Valcarce. The addresses and telephone numbers for each can be found in the signature block at the end of this document.

2. **STATEMENT OF JURISDICTION**

    The parties believe that this Court has subject matter jurisdiction over this action under 28 U.S.C.§ 1332(d) because this is a class action wherein the amount in controversy exceeds the sum

1

or value of $5,000,000, exclusive of interest and costs; there are more than 100 members in the proposed class; and Plaintiffs and Defendant are citizens of different states.

3. **STATEMENT OF CLAIMS AND DEFENSES**

   a. **Plaintiff**

   This class action lawsuit stems from a data breach of Defendant's systems which is alleged to have compromised the personally identifiable information ("PII") of Defendant's former and current clients and employees, including their names, Social Security numbers, driver's license or state-issued ID numbers, and financial account information. The consolidated amended complaint ("CAC") asserts seven causes of action: negligence, negligence per se, invasion of privacy, breach of contract, breach of implied contract, unjust enrichment, and declaratory judgment under the Declaratory Judgment Act.

   b. **Defendant**

   To the extent Defendant owed any duty of care to the Plaintiffs, Defendant did not fail to exercise appropriate care in safeguarding Plaintiffs' data, and any injuries sustained by Plaintiffs were not proximately caused by the cyber incident affecting Defendant. With respect to Plaintiffs' breach of implied contract cause of action, no contract as suggested by Plaintiffs existed. To the extent a contract was formed, it was not breached and Plaintiffs cannot demonstrate damages arising from the cyber incident affecting Defendant. Defendant was not "enriched" in the manner Plaintiffs contend. Defendant did not intentionally intrude upon Plaintiffs' seclusion. Many, if not all, Plaintiffs' claims are subject to a motion to dismiss for failure to state a claim. Additionally, Defendant questions Plaintiffs' standing.

4. **UNDISPUTED FACTS**

   1. On or between about December 9, 2024 to December 11, 2024, Defendant experienced a data breach.

2. Thereafter, on February 24, 2025, Defendant then provided notice to potentially affected individuals.

3. All five Plaintiffs claim to have received notice from Defendant about the data breach.

4. The data breach involved the following categories of information: names, Social Security numbers, driver's license or state-issued ID numbers, and financial account information.

5. **COMPUTATION OF DAMAGES**

    a.    **Plaintiffs**

Plaintiffs and the putative Class seek compensatory, statutory and punitive damages arising from the compromise and theft of their PII. The economic damages include, *inter alia*, compensation for the time lost mitigating the effects of the breach, diminution of value of their PII, the cost of security and monitoring solutions to mitigate the imminent threat of identity theft, and the cost related to actual fraud and identity theft. Plaintiffs and the Class also seek future economic damages for the reasonable and necessary costs of continued monitoring of their credit and identity. Plaintiffs and the Class also seek statutory damages under implicated state consumer protection and privacy statutes, as well as noneconomic damages for the stress, anxiety, loss of sleep and other physical and emotional distress caused by the breach. Plaintiffs and the Class seek triple and/or exemplary damages where allowable by law. To the extent certain damages are not calculable, Plaintiffs and the Class will seek nominal damages. Furthermore, Plaintiffs and the Class seek injunctive relief to force Defendant to provide a full disclosure regarding the root causes of the Data Breach, to delete Plaintiffs' and the Class's data where possible and to implement better cybersecurity protocols. Finally, Plaintiffs and the Class seek attorneys' fees and costs, and interest on all amounts awarded.

    **b. Defendant**

Not applicable at this time.

6. **REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

    **a.    Date of Rule 26(f) meeting.**

The parties conferred pursuant to Fed. R. Civ. P. 26(f) on June 3, 2025.

    **b.    Names of each participant and party he/she represented.**

On behalf of Plaintiffs, Raina Borrelli and Leigh Montgomery. On behalf of Defendant, Carolyn Purwin Ryan and Bianca A. Valcarce.

    **c.    Statement of when Rule 26(a)(1) disclosures were made or will be made.**

Rule 26(a)(1) disclosures will be made by June 16, 2025. Good cause for the delay in this exchange is found in the parties' efforts to first consolidate the related matters.

    **d.    Statement concerning any agreements to conduct informal discovery.**

The parties agree to discuss specifics of informal discovery as may aid in mediation or settlement efforts.

    **f.    Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties have not reached any specific agreements, but agree to continue cooperative discussions to identify potential means to reduce discovery and other litigation costs.

    **g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties intend to submit a stipulated ESI protocol for the Court's consideration.

    **h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties are proceeding with discussions and are potentially amenable to mediation.

4

7. **CONSENT**

The Parties do not consent to the exercise of jurisdiction of a magistrate judge at this time.

8. **DISCOVERY LIMITATIONS**

   **a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

   None applicable.

   **b. Limitations which any party proposes on the length of depositions.**

   None applicable beyond those set forth in the Federal Rules.

   **c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

   None applicable beyond those set forth in the Federal Rules.

   **d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

   February 27, 2026.

   **e. Other Planning or Discovery Orders**

   None applicable.

9. **CASE PLAN AND SCHEDULE**

   **a. Deadline for Plaintiffs to Complete Proper Consolidation**

   June 16, 2025

   **b. Deadline for Defendant to Answer Consolidated Complaint**

   July 16, 2025

   **c. Deadline for Joinder of Parties and Amendment of Pleadings:**

   June 20, 2025

   **d. Fact Discovery Cutoff:**

   March 31, 2026

   **e. Dispositive Motion Deadline:**

   To be set after class certification motion is ruled upon.

**f. Expert Witness Disclosure:**

For class certification-related experts, January 23, 2026. For merits experts, to be set after class certification motion is ruled on.

**1. The parties shall identify anticipated fields of expert testimony, if any.**

To be determined.

**2. Limitations which the parties propose on the use or number of expert witnesses.**

Not at this time.

**3. Plaintiffs shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

For class certification-related experts, January 23, 2026. For merits experts, to be set after class certification motion is ruled on.

**4. Defendant shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

For class certification-related experts, February 27, 2026. For merits experts, to be set after class certification motion is ruled on.

**5. Plaintiffs shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

For class certification-related experts, March 27, 2026. For merits experts, to be set after class certification motion is ruled on.

**5. Defendant shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

For class certification-related experts, April 24, 2026. For merits experts, to be set after class certification motion is ruled on.

**6. Completion of Expert Depositions/Close of Expert Discovery**

For class certification-related experts, May 15, 2026. For merits experts, to be set after class certification motion is ruled on.

**g. Identification of Persons to Be Deposed:**

| Name of Deponent | Expected Length of Deposition |
|---|---|
| Plaintiff Michelle O'Leary | TBD |
| Plaintiff Terry Wilkins | TBD |
| Plaintiff Teresa Starks | TBD |
| Plaintiff Brenton Kay | TBD |
| Plaintiff Jasmin Burns | TBD |
| Defendant | TBD |
| Employees of Defendant | TBD |
| Vendors of Defendant | TBD |
| Any additional deponents and/or experts identified during discovery | TBD |

**h. Plaintiffs' Class Certification Motion:**

January 23, 2026

**i. Defendant's Opposition to Plaintiffs' Class Certification Motion:**

February 27, 2026

**j. Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Class Certification Motion:**

March 27, 2026

**k. Limited Additional Merits Discovery, if necessary, following Class Certification Decision:**

Within 60 days following class certification decision.

**l. Dispositive Motions, Daubert Motions, Trial Date:**

To be set after class certification is ruled upon.

**10. DATES FOR FURTHER CONFERENCES**

a.   Status conferences will be held at the following dates and times:

_____, 20__ at __ o'clock ____m.

    **b.**    **A final pretrial conference will be held at the following date and time:**

_____, 20\_\_ at \_\_ o'clock \_\_\_\_m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

    **a.**    **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None applicable.

    **b.**    **Anticipated length of trial and whether trial is to the court or jury.**

The parties do not believe that a trial date should be set until after a ruling on Plaintiffs' motion for class certification. Plaintiffs have made a jury demand. The parties anticipate that the trial of this case will require 5–10 days.

    **c.**    **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None applicable.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

**13. AMENDMENTS TO SCHEDULING ORDER**

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at _____, Colorado, this \_\_\_\_\_ day of _____, 20\_\_.

BY THE COURT:

_____

Honorable N. Reid Neureiter
United States Magistrate Judge

APPROVED AS SUBMITTED ON June 3, 2025:

*/s/ Raina C. Borrelli*
Raina C. Borrelli
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com

*/s/Josh Sanford*
Josh Sanford (Col. Bar No. 44358)
**SANFORD LAW FIRM, PLLC**
10800 Financial Center Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
josh@sanfordlawfirm.com

*/s/ Meghan Wood*
Meghan Wood
Carolyn Purwin Ryan*
Bianca A. Valcarce*
**MULLEN COUGHLIN LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
(267) 930-1529
mwood@mullen.law
cpurwinryan@mullen.law
bvalcarce@mullen.law

*Pro hac forthcoming

*Attorneys for Defendant*

/s/Jarrett Ellzey
Jarrett Ellzey*
Leigh S. Montgomery*
**EKSM, LLP**
4200 Montrose Blvd., Suite 200
Houston, Texas 77006
Telephone: (888) 350-3931
jellzey@eksm.com
lmontgomery@eksm.com
service only: service@eksm.com

/s/ Jeff Ostrow
Jeff Ostrow, Esq.
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: 954-525-4100
ostrow@kolawyers.com

/s/ Gary E. Mason
Gary E. Mason
Danielle L. Perry
Lisa A. White
**MASON LLP**
5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015
Telephone: (202) 429-2290
gmason@masonllp.com
dperry@masonllp.com
lwhite@masonllp.com

/s/ Gary M. Klinger
Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com

*Pro Hac Vice forthcoming*

*Attorneys for Plaintiffs and Proposed Class*