# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **MICHELLE O'LEARY**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**YES COMMUNITIES, LLC**,<br><br>Defendant. | Case No. 25-cv-00692-PAB-NRN<br><br>(Consolidated with Case Nos. 25-cv-00698-PAB-NRN, 25-cv-00728-PAB-NRN, 25-cv00819-PAB-NRN, and 25-cv-00937-PAB-NRN) |

## PARTIES' JOINT STATEMENT REGARDING COURT'S MINUTE ORDER

Pursuant to the Court's Minute Order dated July 16, 2026, the Parties hereby jointly submit this statement regarding the Court's suggested edits to the notices.

The Parties agree to incorporate the Court's suggested edits to the notices. The Parties have revised the notices and claim form accordingly, and the revised documents are attached hereto as **Exhibits 2-4 (redline copies of the short notice, long form notice, claim form)**. Additionally, the Parties understand the Court's position on requirements (c)-(f) for written objections and have modified the Settlement Agreement and long form notice with this change, *see* **Exhibits 1 and 3 (redline copies Amended Settlement Agreement and long form notice)**.

The Parties respectfully request that the Court preliminarily approve the Parties' Amended Settlement Agreement and enter the Proposed Preliminary Approval Order, previously submitted as Doc. 51-3. A complete set of the revised documents is attached hereto as **Exhibit 5.**

Dated: July 21, 2026

/s/ *Raina C. Borrelli*
Raina C. Borrelli
STRAUSS BORRELLI PLLC
One Magnificent Mile
980 N. Michigan Ave., Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com

Josh Sanford (Col. Bar No. 44358)
**SANFORD LAW FIRM, PLLC**
10800 Financial Center Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
josh@sanfordlawfirm.com

Jarrett Ellzey
Leigh S. Montgomery
**EKSM, LLP**
4200 Montrose Blvd., Suite 200
Houston, Texas 77006
Telephone: (888) 350-3931
jellzey@eksm.com
lmontgomery@eksm.com

Jeff Ostrow
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: 954-525-4100
ostrow@kolawyers.com

Gary E. Mason
Danielle L. Perry
**MASON LLP**
Lisa A. White
5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015
Telephone: (202) 429-2290
gmason@masonllp.com
dperry@masonllp.com
lwhite@masonllp.com

Dated: July 21, 2026

/s/ *Meghan Wood*
Meghan Wood
Carolyn Purwin Ryan*
Bianca A. Valcarce*
**MULLEN COUGHLIN LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
(267) 930-1529
mwood@mullen.law
cpurwinryan@mullen.law
bvalcarce@mullen.law

*\*Pro hac forthcoming*

*Attorneys for Defendant*

Gary M. Klinger
MILBERG, PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com

*Attorneys for Plaintiffs and Proposed Class*

## CERTIFICATE OF SERVICE

I, Raina C. Borrelli, hereby certify that on July 21, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 21st day of July, 2026.

STRAUSS BORRELLI PLLC

By: */s/ Raina C. Borrelli*
Raina C. Borrelli
raina@straussborrelli.com
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109

— **EXHIBIT  1** —

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

MICHELLE O'LEARY, on behalf of herself and all others similarly situated,

Plaintiff,

v.

YES COMMUNITIES, LLC,

Defendant.

Case No. 25-cv-00692-PAB-NRN

(Consolidated with Case Nos. 25-cv-00698-PAB-NRN, 25-cv-00728-PAB-NRN, 25-cv00819-PAB-NRN, and 25-cv-00937-PAB-NRN)

## AMENDED SETTLEMENT AGREEMENT

This Settlement Agreement[1] is entered into between Plaintiffs Michelle O'Leary, Teresa Starks, Terry Wilkins, Brenton Kay, and Jasmin Burns, on behalf of themselves and the Settlement Class, and Defendant YES Communities, LLC. The Parties hereby agree to the following terms in full settlement of the Action, subject to a Final Approval Order entered by the Court.

## I.    Procedural History

1.    Defendant owns manufactured home communities located in 23 states.

2.    In the regular course of its business, Defendant handles individuals' Private Information. Depending on the circumstances, that information may include name, Social Security number, driver's license number, passport number, state ID card number, financial and credit/debit account information, visa/work eligibility documentation, employee identification number/tax ID number, non-US national identification number, and date of birth.

3.    On or about December 11, 2024, Defendant experienced a system breach during which hackers targeted and accessed Defendant's network systems, some of which contained Private Information belonging to 10,675 individuals located in the United States or its territories.

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section II below.

4.     On or about February 24, 2025, Defendant began sending notification letters to impacted individuals.

5.     As a result, beginning on March 4, 2025, five lawsuits relating to the Data Incident were filed against Defendant in the United States District Court for the District of Colorado: *O'Leary v. YES Communities, LLC*, Case No. 1:25-cv-692; *Wilkins v. YES Communities, LLC*, Case No. 1:25-cv-698; *Starks v. YES Communities, LLC*, Case No. 1:25-cv-728; *Kay v. YES Communities, LLC*, Case No. 1:25-cv-819; and *Burns v. YES Communities, LLC*, Case No. 25-cv-00937.   Plaintiffs' counsel in those actions conferred and collectively decided to work together to pursue the claims of their respective plaintiffs and the putative class of individuals impacted in the Data Incident.

6.     On March 20, 2025, Plaintiffs' counsel filed a Motion to Consolidate the *O'Leary*, *Wilkins*, *Starks*, and *Kay* actions.[2] The Court granted the Motion to Consolidate on April 22, 2025.

7.     On May 15, 2025, Plaintiffs O'Leary, Wilkins, Starks, Kay, and Burns filed a Consolidated Class Action Complaint alleging claims against Defendant for negligence, negligence *per se*, invasion of privacy, breach of contract, breach of implied contract, unjust enrichment, and declaratory judgment on behalf of a national class.

8.     In an effort to conserve resources for the benefit of the those impacted in the Data Incident, the Parties began discussing settlement and scheduled mediation with experienced mediator, the Honorable David E. Jones (ret.).

9.     On July 28, 2025, the Parties filed a joint motion to stay the case pending mediation, which the Court granted On July 30, 2025.

10.     In advance of mediation, Plaintiffs consulted with liability and damage experts and

---

[2] The *Burns* action was filed after the Motion to Consolidate was filed.

Defendant provided Plaintiffs with informal discovery including information related to, among other things, the nature and cause of the Data Incident, the number of individuals impacted by the Data Incident, and the specific type of information potentially accessed.

11.    The Parties participated in mediation on October 23, 2025. After arms-length negotiations between experienced counsel both during and following the mediation, the Parties reached agreement on the materials terms of this class-wide Settlement.

12.    The Parties now agree to settle the Action entirely, without any admission of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties. Defendant has entered into this Agreement to resolve all controversies and disputes arising out of or relating to the allegations made in the Complaint, and to avoid the litigation costs and expenses, distractions, burden, expense, and disruption to its business operations associated with further litigation. Defendant does not in any way acknowledge, admit to, or concede any of the allegations made in any of the complaints or in the Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement. Plaintiffs have entered into this Agreement to recover on the claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in any way concede that the claims alleged in the Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, Defendant, and all Settlement Class Members.

NOW, THEREFORE, in light of the foregoing, for good and valuable consideration, the

3

receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.    Definitions

13.    "**Action**" means the class action lawsuit entitled: *O'Leary v. YES Communities, LLC*, Case No. 1:25-cv-692 pending in the United States District Court for the District of Colorado, which is inclusive of the actions consolidated therewith: Case Nos. 25-cv-00698- PAB-NRN, 25-cv-00728-PAB-NRN, 25-cv00819-PAB-NRN, and 25-cv-00937-PAB-NRN.

14.    "**Agreement**" or "**Settlement**" or "**Settlement Agreement**" means this agreement, and all exhibits attached hereto, between Plaintiffs and Defendant.

15.    "**Application for Attorneys' Fees, Costs, and Service Awards**" means the application made with the Motion for Final Approval seeking Class Counsel's attorneys' fees, reimbursement for costs, and for Service Awards for the Class Representatives.

16.    "**CAFA Notice**" means Class Action Fairness Act Notice which the Settlement Administrator shall serve upon the appropriate state and federal officials, providing notice of the proposed Settlement. The Settlement Administrator shall provide a declaration attesting to compliance with 28 U.S.C. § 1715(b), which will be filed with the Motion for Final Approval.

17.    "**Cash Payment**" means the cash compensation paid to Settlement Class Members who elected to submit a Claim for either Cash Payment A or Cash Payment B under Section IV herein.

18.    "**Cash Payment A – Documented Losses**" means the up to $2,500.00 in cash compensation that Settlement Class Members with documented losses may elect under the Settlement.

19.    "**Cash Payment B – Lost Time**" means the Settlement Class Member Benefit

consisting of a cash payment of $20.00 per hour for up to four (4) hours for time spent resolving issues related to the Data Incident that Settlement Class Members may elect under the Settlement.

20.    "**Cash Payment C – Alternate Cash**" means the $50.00 cash compensation that Settlement Class Members may elect under the Settlement in the alternative to claims for Cash Payment A or Cash Payment B.

21.    "**Claim**" means the submission of a Claim Form by a Claimant.

22.    "**Claimant**" means an individual who submits a Claim Form for Settlement Class Member Benefits to the Settlement Administrator.

23.    "**Claim Form**" means the proof of claim, substantially in the form attached hereto as *Exhibit 3*, which may be modified, subject to the Parties' approval, to meet the requirements of the Settlement Administrator.

24.    "**Claim Form Deadline**" shall be 15 days before the initial scheduled Final Approval Hearing.

25.    "**Claim Process**" means the process by which Claimants submit Claims to the Settlement Administrator and the Settlement Administrator reviews the Claims to determine which are Valid Claims eligible for payment under this Settlement.

26.    "**Class Counsel**" means: Jeff Ostrow of Kopelowitz Ostrow P.A, Raina Borrelli of Strauss Borrelli PLLC, Leigh S. Montgomery of EKSM, LLP, Gary E. Mason of Mason LLP, and Gary M. Klinger of Milberg, PLLC.

27.    "**Class List**" means the list of Settlement Class Members provided to the Settlement Administrator by Defendant for the purpose of effectuating Notice. Defendant shall prepare and provide the Class List to the Settlement Administrator using information in Defendant's records. To the extent maintained by the Defendant, the Class List shall include the Settlement Class

5

Members' full names and current physical addresses.

28.    "**Class Representatives**" means Michelle O'Leary, Teresa Starks, Terry Wilkins, Brenton Kay, and Jasmin Burns, who will be submitted as representatives of the Settlement Class.

29.    "**Complaint**" means the Consolidated Class Action Complaint filed in this Action.

30.    "**Court**" means the United States District Court for the District of Colorado, and the Judge(s) assigned to the Action.

31.    "**Credit Monitoring**" means three years of one bureau of credit monitoring provided by IDX through the Settlement that Settlement Class Members may elect to receive under the Settlement.

32.    "**Data Incident**" means the unauthorized access to or acquisition of Plaintiffs' and the Settlement Class's Private Information that Defendant discovered on or about December 11, 2024.

33.    "**Defendant**" means YES Communities, LLC, the defendant in the Action.

34.    "**Defendant's Counsel**" means Carolyn Purwin Ryan of Mullen Coughlin LLC.

35.    "**Effective Date**" means the day after the Final Approval Order is entered if there are no objections to the Settlement, or if there are objections, the later of: (a) 30 days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (b) if appeals are taken from the Final Approval Order, then the earlier of 30 days after the last appellate court ruling affirming the Final Approval Order or 30 days after the entry of a dismissal of the appeal.

36.    "**Final Approval**" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order, substantially in the form attached to the Motion for Final Approval.

37.    "**Final Approval Hearing**" means the hearing held before the Court during which

6

the Court will consider granting Final Approval of the Settlement and the Application for Attorneys' Fees, Costs, and Service Awards.

38.    "**Final Approval Order**" means the final order the Court enters granting Final Approval of the Settlement, substantially in the form attached hereto as *Exhibit 5*.

39.    "**Long Form Notice**" means the long form notice of the Settlement, substantially in the form attached hereto as *Exhibit 2* that shall be posted on the Settlement Website and shall be available to Settlement Class Members by mail on request made to the Settlement Administrator.

40.    "**Motion for Final Approval**" means the motion that Plaintiffs and Class Counsel shall file with the Court seeking Final Approval of the Settlement.

41.    "**Motion for Preliminary Approval**" means the motion that Plaintiffs shall file with the Court seeking Preliminary Approval of the Settlement.

42.    "**Notice**" means the Postcard Notice and Long Form Notice that Plaintiffs will ask the Court to approve in connection with the Motion for Preliminary Approval.

43.    "**Notice Program**" means the methods provided for in this Agreement for giving Notice to the Settlement Class and include Postcard Notice, Long Form Notice, Settlement Website, and toll-free Settlement phone number.

44.    "**Notice of Deficiency**" means the notice sent by the Settlement Administrator to a Settlement Class member who has submitted an invalid Claim.

45.    "**Objection Deadline**" means 30 days before the initial scheduled Final Approval Hearing.

46.    "**Opt-Out Deadline**" means 30 days before the initial scheduled Final Approval Hearing.

47.    "**Party**" means either Plaintiffs or Defendant, and "**Parties**" means Plaintiffs and Defendant, collectively.

48.    "**Plaintiffs**" means Michelle O'Leary, Teresa Starks, Terry Wilkins, Brenton Kay, and Jasmin Burns, the plaintiffs in this Action.

49.    "**Postcard Notice**" means the postcard form of Notice of the Settlement, substantially in the form attached hereto as *Exhibit 1*, that will be distributed to those Settlement Class Members for whom physical addresses are maintained by Defendant.

50.    "**Preliminary Approval**" means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order.

51.    "**Preliminary Approval Order**" means the order preliminarily approving the Settlement, proposed Notice Program, and Claims Process, substantially in the form attached hereto as *Exhibit 4*.

52.    "**Private Information**" means name, Social Security number, driver's license number, passport number, state ID card number, financial and credit/debit account information, visa/work eligibility documentation, employee identification number/tax ID number, non-US national identification number, and date of birth.

53.    "**Releases**" means the releases and waiver set forth in Section XI of this Agreement.

54.    "**Released Claims**" means any and all actual, potential, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, indemnities, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, based on any federal, state, local, statutory or common law or any other law, against the Released Parties,

8

or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act relating to the Data Incident.

55. "**Released Parties**" means Defendant and each entity which is controlled by, controlling or under common control with Defendant and their respective past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, insurers, reinsurers, divisions, officers, directors, shareholders, members, agents, servants, employees, partners, predecessors, successors, managers, administrators, executors, and trustees.

56. "**Releasing Parties**" means Plaintiffs and Settlement Class Members and their respective past, present, and future heirs, devisees, beneficiaries, conservators, executors, estates, administrators, assigns, trustees, and receivers.

57. "**Service Awards**" means the payment the Court may award Plaintiffs for serving as Class Representatives, which is in addition to any Settlement Class Member Benefit due to Plaintiffs as Settlement Class Members. The Service Awards shall be paid by Defendant separate from the Settlement Class Member Benefits.

58. "**Settlement Administrator**" means Analytics Consulting LLC, the third-party notice and claims administrator jointly selected by the Parties.

59. "**Settlement Administration Costs**" means all costs and fees of the Settlement Administrator regarding Notice and Settlement administration, for which Defendant shall be solely responsible for payment.

60. "**Settlement Class**" means all living individuals in the United States who were sent notice by Defendant that their Private Information was impacted in the Data Incident. Excluded

9

from the Settlement Class are (a) all persons who are directors and officers of Defendant; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

61.    "**Settlement Class Member**" means any member of the Settlement Class who has not opted-out of the Settlement.

62.    "**Settlement Class Member Benefits**" means the Cash Payments and Credit Monitoring that Settlement Class Members may elect in the Settlement.

63.    "**Settlement Website**" means the website the Settlement Administrator will establish as a means for the Settlement Class Members to submit Claim Forms and obtain notice and information about the Settlement, including hyperlinked access to this Agreement, the Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Final Approval, Application for Attorneys' Fees, Costs, and Service Awards, and Final Approval Order, as well as other documents as the Parties agree to post or the Court orders posted. The Settlement Website shall remain online and operable for at least six months after Final Approval.

64.    "**Valid Claim**" means a Claim Form submitted by a Settlement Class member that is: (a) submitted in accordance with the provisions of the Settlement; (b) accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (d) returned via mail and postmarked by the Claim Form Deadline, or, if submitted online, submitted by 11:59 p.m. Eastern time on the Claim Form Deadline; and (e) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of

10

the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Deficiency may result in a determination that the Claim is not a Valid Claim.

**III.    Certification of the Settlement Class**

65.    In the Motion for Preliminary Approval, Plaintiffs shall propose and request to the Court that the Settlement Class be certified for Settlement purposes. Defendant agrees solely for purposes of the Settlement provided for in this Agreement, and the implementation of such Settlement, that this case shall proceed as a class action; provided however, that if a Final Approval Order is not issued, then any certification shall be null and void and, for the avoidance of doubt, Defendant shall retain all rights to object to any future requests to certify a class. Plaintiffs and Class Counsel shall not reference this Agreement in support of any subsequent motion for class certification of any class in the Action.

**IV.    Settlement Consideration**

66.    Defendant has agreed to pay, or cause to be paid, for the following: (a) all Settlement Administration Costs; (b) Cash Payments to and Credit Monitoring for Settlement Class Members; and (c) any Court-awarded attorneys' fees, costs, and Service Awards.

67.    *Cash Payments* – All Settlement Class Members must submit a Valid Claim to the Settlement Administrator to receive a Cash Payment payable from Defendant. When submitting a Valid Claim, Settlement Class Members must choose either or both Cash Payment A – Documented Losses and Cash Payment B – Lost Time, or in the alternative, Cash Payment C – Alternate Cash. If a Settlement Class Member does not submit a Valid Claim, the Settlement Class Member will release his or her claims without receiving a Cash Payment.

a.      **Cash Payment A – Documented Losses**

All Settlement Class Members are eligible to submit a claim for up to $2,500.00 per Settlement Cass Member upon presentment of reasonable documentation of losses related to fraud and/or identity theft as a result of the Data Incident. Documented expenses include, by way of example, unreimbursed losses relating to fraud or identity theft: if (i) the loss is an actual, documented, and unreimbursed monetary loss; (ii) the loss was more likely than not caused by the Data Incident; and (iii) the loss was incurred after the date of the Data Incident. To receive payment for documented losses, a Settlement Class Member must complete and submit a Claim Form and include documentation in support of the Claim. Except as expressly provided herein, personal certifications, declarations, or affidavits from the Settlement Class Member do not constitute proper documentation, but may be included to provide clarification, context, or support for other submitted reasonable documentation. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with any credit monitoring and identity theft protection product. If a Settlement Class Member does not submit reasonable documentation supporting a loss, or if their Claim is rejected by the Settlement Administrator for any reason, and the Settlement Class Member fails to cure his or her Claim, the Claim will be rejected.

b.      **Cash Payment B – Lost Time**

Settlement Class Members who spent time remedying issues related to the Data Incident may receive reimbursement in the amount of $20.00 per hour for up to four hours of time (for a total of $80.00). Settlement Class Members must attest to the amount of time spent. If a Settlement Class Member fails to identify how many hours of time spent on the Claim Form, the Settlement Administrator may interpret such a Claim as a submission for one hour of time.

12

    c.      **Cash Payment C – Alternate Cash**

As an alternative to Cash Payment A – Documented Losses and Cash Payment B – Lost Time, all Settlement Class Members may elect to receive Cash Payment C - Alternate Cash which is a cash payment in the amount of $50.00. There is no documentation required to claim this benefit.

68.      *Credit Monitoring* – In addition to a Cash Payment, all Settlement Class Members may elect to receive three years of one bureau of credit monitoring provided through IDX. This shall be available to any Settlement Class Member regardless of whether they previously received a credit monitoring product related to the Data Incident or otherwise.

69.      *Business Practice Changes* – Defendant will provide a confidential declaration to Settlement Class Counsel and, if requested, to the Court for *in camera* review, describing its information security improvements since the Data Incident and an estimate of the cost of those improvements. The cost of such enhancements will be paid by Defendant separate and apart from all other Settlement benefits.

70.      *Settlement Administration Costs* – Defendant shall be solely responsible for the payment of all Settlement Administration Costs. The Settlement Administrator and Defendant will enter into a separate agreement related to the payment of the Settlement Administration Costs.

## V.    <u>Settlement Approval</u>

71.      Within 10 days of signing this Agreement, Class Counsel shall file a Motion for Preliminary Approval, which shall, among other things, request the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4)

13

approve the Claim Form and Claim Process; (5) approve the procedures for Settlement Class Members to opt-out of the Settlement or for Settlement Class Members to object to the Settlement; (6) appoint Jeff Ostrow, Raina Borrelli, Leigh S. Montgomery, Gary E. Mason, and Gary M. Klinger as Class Counsel; (7) appoint Plaintiffs as the Class Representatives; (8) appoint Analytics Consulting LLC as the Settlement Administrator; (9) stay the Action pending Final Approval of the Settlement; and (10) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, the Parties, Class Counsel, and Defendant's Counsel.

## VI.    Settlement Administrator

72.    The Parties agree that, subject to Court approval, Analytics Consulting LLC shall be the Settlement Administrator. The Parties shall jointly oversee the Settlement Administrator. The Settlement Administrator shall fulfill the requirements set forth in the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

73.    The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program and handling the Claims Process.

74.    The Settlement Administrator's duties include:

a.    Completing the Court-approved Notice Program by noticing the Settlement Class by Postcard Notice and sending out Long Form Notices and Claim Forms on request from Settlement Class Members, reviewing Claim Forms and supporting documentation, notifying Claimants of deficient Claim Forms using the Notice of Deficiency, and sending out Cash Payments, and ensuring Credit Monitoring codes are distributed, to Settlement Class Members;

14

b.   Establishing and maintaining a post office box to receive opt-out requests from the Settlement Class, objections from Settlement Class Members, and Claim Forms;

c.   Establishing and maintaining the Settlement Website to provide important information and to receive electronic Claim Forms;

d.  Establishing and maintaining an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class Members who call or otherwise communicate such inquiries;

e.   Responding to any mailed Settlement Class Member inquiries;

f.   Processing all opt-out requests from the Settlement Class;

g.   Providing weekly reports to Class Counsel and Defendant's Counsel that summarize the number of Claims submitted, Claims approved and rejected, Notice of Deficiency sent, opt-out requests and objections received that week, the total number of opt-out requests and objections received to date, and other pertinent information;

h.   In advance of the Final Approval Hearing, preparing a declaration confirming the Notice Program and Claims Process were completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing in detail how the Notice Program was completed, indicating the number of Claim Forms received, the value of the Valid Claims submitted to date, providing the names of each Settlement Class member who timely and properly requested to opt-out from the Settlement Class, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

i.   Reviewing Claim Forms submitted by Settlement Class Members to determine whether they are eligible for a Cash Payment and/or Credit Monitoring;

j.   Collecting from Defendant and/or its insurer(s) the funds necessary to pay Valid

15

Claims for Cash Payments and Credit Monitoring;

 k. Distributing Cash Payments to Settlement Class Members who submit Valid Claims;

 l. Ensuring that Credit Monitoring Codes are emailed to Settlement Class Members who submit Valid Claims; and

 m. Any other Settlement administration function at the instruction of Class Counsel and Defendant.

## VII. Notice to the Settlement Class, Opt-Out Procedures, and Objection Procedures

75. Defendant will make available to the Settlement Administrator the Class List no later than five days after entry of the Preliminary Approval Order. To the extent necessary, Defendant will cooperate with updating the Class List to accomplish the Notice Program and otherwise administer the Settlement.

76. Within 30 days following entry of the Preliminary Approval Order, the Settlement Administrator shall commence the Notice Program. Settlement Class Members shall be sent a Postcard Notice.

77. The Notice Program shall be completed no later than 45 days before the initial date set for the Final Approval Hearing.

78. The Postcard Notice shall include, among other information: a description of the material terms of the Settlement; how to submit a Claim Form; the Claim Form Deadline; the Opt-Out Deadline by which Settlement Class Members must opt-out of the Settlement Class; the Objection Deadline by which Settlement Class Members must object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; the Final Approval Hearing date; and the Settlement Website address at which Settlement Class Members may access this Agreement

16

and other related documents and information. Class Counsel and Defendant's Counsel shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. If the date or time for the Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website to reflect the new date. No additional notice to the Settlement Class is required if the date or time for the Final Approval Hearing changes.

79.    The Settlement Administrator shall establish the Settlement Website no later than the day before Notice is first initiated. The Settlement Administrator shall ensure the Settlement Website makes available the Court-approved online Claim Form that can be submitted directly on the Settlement Website or in printable version that can be sent by U.S. Mail to the Settlement Administrator.

80.    The Long Form Notice also shall include a procedure for Settlement Class Members to opt-out of the Settlement Class, and the Postcard Notice shall direct Settlement Class Members to review the Long Form Notice to obtain the opt-out instructions. A Settlement Class member may opt-out at any time before the Opt-Out Deadline by mailing a request to opt-out to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The opt-out request must be personally signed by the Settlement Class member and contain the requestor's name, address, telephone number, and email address, and include a statement indicating a request to be excluded from the Settlement Class. Mass or Class opt-outs by an attorney or other representative of a group of Settlement Class Members will not be accepted. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid Claim.

81.    The Long Form Notice shall also include a procedure for Settlement Class

Members to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards, and the Postcard Notice shall direct Settlement Class Members to review the Long Form Notice to obtain the objection instructions. Objections must be filed with the Court, and sent by U.S. Mail to Class Counsel, Defendant's Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the relevant Settlement Class Member must submit the objection before the Objection Deadline, as specified in the Notice, and the relevant Settlement Class Member must not have excluded themselves from the Settlement Class. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label. For an objection to be considered by the Court, it must strictly and fully comply with each and every requirement outlined in this Agreement, the Long Form Notice, and the Preliminary Approval Order.

82.    For an objection to be considered by the Court, the objection must also set forth:

a.    the objector's full name, mailing address, telephone number, and email address (if any);

b.    all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

c.    ~~the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed~~

18

case;

d. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards;

e. the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

f. the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;

c.

g.d. a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

h.e. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

i.f. the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel, including taking depositions and propounding document requests.

## VIII.    Claim Form Process and Disbursement of Cash Payments

83.    The Notices and the Settlement Website will explain to Settlement Class Members that they may be entitled to a Settlement Class Member Benefit and how to submit a Claim Form.

19

84.     Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim Form.

85.     The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

86.     The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate claims. No Settlement Class member may submit more than one Claim Form. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class member. If the Settlement Administrator identifies any Claim Form that appears to be a duplication, the Settlement Administrator shall contact the Settlement Class member in an effort to determine which Claim Form is the appropriate one for consideration.

87.     The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and

20

Parties may require information from Claimants or deny Claims, subject to the supervision of the Parties and ultimate oversight by the Court.

88.     Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise the Claimant or Settlement Class member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator may send a Notice of Deficiency explaining what information is missing or inaccurate and needed to validate the Claim and have it submitted for consideration. The Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. The additional information and/or documentation can include, for example, answers to questions regarding the validity of the Claimant's physical or e-signature. A Claimant shall have until the Claim Form Deadline, or 15 days from the date the Notice of Deficiency is sent to the Claimant via mail and postmarked or via email, whichever is later, to reply to the Notice of Deficiency and provide the required information. If the Claimant timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Claimant does not timely and completely provide the requested information and/or documentation, the Settlement Administrator shall reduce or deny the Claim unless Defendant and Class Counsel otherwise agree.

89.     Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

      a.     Failure to fully complete and/or sign the Claim Form;

      b.     Illegible Claim Form;

      c.     The Claim Form is fraudulent;

21

d. The Claim Form is duplicative of another Claim Form;

e. The Claimant is not a Settlement Class member;

f. The Claimant submitted a valid request to opt-out of the Settlement Class.

g. The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

h. Failure to submit a Claim Form by the Claim Form Deadline; and/or

i. The Claim Form otherwise does not comply with this Settlement.

90. The Settlement Administrator's reduction or denial of a Claim is final, subject to the following dispute resolution procedures:

a. The Settlement Administrator shall have 30 days from the Claim Form Deadline to approve or reject Claims.

b. A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this paragraph.

c. If a Claim is rejected, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. Class Counsel and Defendant's Counsel shall be provided with copies of all such notifications to Claimants.

d. The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding.

91. The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or Defendant's Counsel. Additionally, Class Counsel and Defendant's Counsel shall have the right to inspect the Claim Forms and supporting documentation

22

received by the Settlement Administrator at any time upon reasonable notice.

92.     The Settlement Administrator must submit an invoice to Defendant for payment of all Valid Claims within 30 days of the Effective Date or as soon as all Claim deficiencies are resolved via the process set forth herein. Defendant shall pay or cause to be paid to the Settlement Administrator the invoiced amount of all Valid Claims within 10 days of the invoice.

93.     No later than 60 days of the Effective date, the Settlement Administrator shall: (a) distribute Cash Payments; and (b) ensure Credit Monitoring activation codes are emailed to Settlement Class Members.

94.     Cash Payments to Settlement Class Members will be made by electronic payment or by paper check. Settlement Class Members will select their preferred method of payment on the Claim Form, with the option to select from alternative forms of electronic payment or paper check. Paper checks must be negotiated within 120 days of issuance. In the event of any complications arising in connection with the issuance of an electronic payment, the Settlement Administrator shall provide written notice to Class Counsel and Defendant's Counsel. Absent specific instructions from Class Counsel and Defendant's Counsel, the Settlement Administrator shall proceed to resolve the dispute using its best practices and procedures to ensure that the funds are fairly and properly distributed to the person or persons who are entitled to receive them, which may include issuing a paper check to the Claimant. In the event the Settlement Administrator is unable to distribute funds to the person or persons entitled to receive them due to incorrect or incomplete information provided to the Settlement Administrator, the funds shall revert to Defendant, and the Settlement Class Member shall forfeit their right to the funds.

95.     No person or entity shall have any claim against Defendant, Defendant's Counsel, Plaintiffs, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any

23

eligibility determinations, distributions, or awards made in accordance with this Settlement.

## IX.    **Final Approval Order and Final Judgment**

96.    Plaintiffs shall file their Motion for Final Approval of the Settlement, inclusive of the Application for Attorneys' Fees, Costs, and Service Awards, no later than 45 days before the initial date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and Application for Attorneys' Fees, Costs and Service Awards. In the Court's discretion, the Court will also hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Application for Attorneys' Fees, Costs, and Service Awards, provided the objectors submitted timely objections that meet all of the requirements listed in this Agreement.

97.    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and final judgment thereon, and whether to grant the Application for Attorneys' Fees, Costs, and Service Awards. Such proposed Final Approval Order shall, among other things:

      a.    Determine that the Settlement is fair, adequate and reasonable;

      b.    Finally certify the Settlement Class for settlement purposes only;

      c.    Determine that the Notice Program satisfies Due Process requirements;

      d.    Bar and enjoin all Releasing Parties from asserting or otherwise pursuing any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

      e.    Release Defendant and the other Released Parties from the Released Claims; and

f.      Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendant, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## X.      Service Awards, Attorneys' Fees, and Costs

98.      *Service Awards* - Class Counsel, on behalf of the Class Representatives, may seek Service Awards of up to $2,500.00 each, subject to Court approval. The Service Awards shall be payable separate from the Settlement Class Member Benefits. Defendant shall pay or cause to be paid the Court-approved Service Awards by check or wire transfer to an account designated by Class Counsel within five days of the Effective Date.

99.      *Attorneys' Fees and Costs* - Class Counsel shall apply to the Court for an award of attorneys' fees and costs of $217,000.00, to be paid by or on behalf of Defendant separate from Defendant's obligation to pay Settlement Administration Costs and the Settlement Class Member Benefits to Settlement Class Members. Defendant shall pay or cause to be paid the Court-approved attorneys' fees and cost award by check or wire transfer to an account designated by Class Counsel within five days of the Effective Date.

100.    This Settlement is not contingent on approval of the request for attorneys' fees and costs or Service Awards, and if the Court denies the request or grants amounts less than what was requested, the remaining provisions of the Agreement shall remain in force. The provisions for attorneys' fees and costs and the Service Awards were not negotiated until after all material terms of the Settlement.

## XI.      Releases

25

101.    Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims, including but not limited to any state law or common law claims arising out of or relating to the Data Incident that the Releasing Parties may have or had, such as under California's Consumer Privacy Act, California Civil Code section 1798.100, *et seq*. and/or California's Unfair Competition Law, California Civil Code section 17200 *et seq*. Each Party expressly waives all rights under California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, against any of the Released Parties based on any of the Released Claims.

102.    Settlement Class Members who opt-out of the Settlement prior to the Opt-Out Deadline do not release their individual claims and will not obtain any benefits, including any Settlement Class Member Benefit, under the Settlement.

103.    Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court

26

order from initiating, asserting, or prosecuting any Released Claim against the Released Parties, whether on behalf of Plaintiffs, any Settlement Class Member or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

**XII.    Termination of Settlement**

104.    This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

a.    Court approval of the Settlement consideration and releases set forth herein;

b.    The Court has entered the Preliminary Approval Order;

c.    The Court has entered the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of Final Approval; and

d.    The Effective Date has occurred.

105.    If any of the conditions specified in the preceding paragraph are not met, or if the Court otherwise imposes any modification to or condition to approval of the Settlement to which the Parties do not consent, then this Agreement shall be cancelled and terminated.

106.    In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the Parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

**XIII.    Effect of Termination**

107.    The grounds upon which this Agreement may be terminated are set forth in Section XII. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, Defendant's, and Defendant's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

108.    In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

### XIV.    <u>No Admission of Liability</u>

109.    This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law. Defendant has denied and continues to deny each of the claims and contentions alleged in the Complaint. Defendant specifically denies that a class could or should be certified in the Action for litigation purposes. Defendant does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Defendant has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

110.    Class Counsel believe the claims asserted in the Action have merit, and they have

examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel have investigated the facts and law relevant to the merits of the claims, conducted informal discovery, and conducted an independent investigation of the alleged claims. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

111.    This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any Party of any fault, liability, or wrongdoing of any kind whatsoever.

112.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

113.    In addition to any other defenses Defendant or the Released Parties may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

29

## XV.    Miscellaneous Provisions

114.    ***Gender and Plurals***. As used in this Agreement, the masculine, feminine or gender neutral, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

115.    ***Binding Effect***. This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

116.    ***Cooperation of Parties***. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

117.    ***Obligation to Meet and Confer***. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in an attempt to resolve the dispute.

118.    ***Integration and No Reliance***. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party, except as provided for herein.

119.    ***No Conflict Intended***. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

120.    ***Governing Law***. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the state of Colorado, without regard

30

to the principles thereof regarding choice of law.

121. **_Counterparts_**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of a PDF shall be deemed an original.

122. **_Jurisdiction_**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

123. **_Notices_**. All notices provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

If to Plaintiffs or Class Counsel:

Jeff Ostrow
**Kopelowitz Ostrow P.A.**
1 West Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
ostrow@kolawyers.com

Raina Borrelli
**Strauss Borrelli PLLC**

One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
raina@straussborrelli.com

Leigh S. Montgomery
**EKSM, LLP**
4200 Montrose Blvd., Suite 200
Houston, Texas 77006
lmontgomery@eksm.com

Gary E. Mason
**Mason LLP**
5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015
gmason@masonllp.com

Gary M. Klinger
**Milberg, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
gklinger@milberg.com

If to Defendant or Defendant's Counsel:

Carolyn Purwin Ryan
**Mullen Coughlin LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
cpurwinryan@mullen.law

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

124. ***Modification and Amendment.*** This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defendant's Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

125. ***No Waiver***. The waiver by any Party of any breach of this Agreement by another

Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

126.    *Authority*. Class Counsel (for the Plaintiffs and the Settlement Class Members), and Defendant's Counsel, represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and Defendant respectively to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

127.    *Agreement Mutually Prepared*. Neither Plaintiffs nor Defendant shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

128.    *Independent Investigation and Decision to Settle*. The Parties understand and acknowledge they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge they reviewed and analyzed data that they and their experts used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in

33

connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

129.    ***Receipt of Advice of Counsel***. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

*Signature Page to Follow*

**CLASS COUNSEL** (on behalf of Plaintiffs and the Settlement Class)

_____
JEFF OSTROW
**KOPELOWITZ OSTROW P.A.**

_____
RAINA BORRELLI
**STRAUSS BORRELLI PLLC**

_____
LEIGH S. MONTGOMERY
**EKSM, LLP**

_____
GARY E. MASON
**MASON LLP**

_____
GARY M. KLINGER
**MILBERG, PLLC**

**YES COMMUNITIES, LLC**

_____
By: _____
Its _____

**COUNSEL FOR YES COMMUNITIES, LLC**

_____
CAROLYN PURWIN RYAN
**MULLEN COUGHLIN LLC**

35

— **EXHIBIT  2** —

YES Communities Data Incident
c/o Analytics Consulting LLC
P.O. Box 2002
Chanhassen MN 55317-2002

**O'Leary v YES Communities, LLC**
Case No. 1:25-cv-692-PAB-NRN

**IF YOUR PRIVATE INFORMATION MAY HAVE
BEEN IMPACTED IN A DATA INCIDENT
SUFFERED BY <u>YES COMMUNITIES, LLC,</u> A
PROPOSED CLASS ACTION SETTLEMENT MAY
AFFECT YOUR RIGHTS.**

For more information about the proposed class
action settlement, including how to submit a
claim, exclude yourself, or submit an objection,
please visit **[WEBSITE]**
or call toll-free **[PHONE NUMBER]**

*A court has authorized this Notice.*

*This is <u>not</u> a solicitation from a lawyer.*
*You are <u>not</u> being sued.*

First-Class
Mail
US Postage
Paid
Permit #__

«Barcode»
Postal Service: Please do not mark barcode

Claim Number: XXX- «PIN » - «MailRec»
«First1» «Last1»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

**Why am I receiving this notice?** A Settlement has been reached in a class action lawsuit against YES Communities, LLC ("YES Communities") concerning a data incident on or about December 11, 2024, in which it experienced a ransomware attack that resulted in unauthorized access to its systems and theft of unencrypted Private Information. YES Communities denies that it did anything wrong, and the Court has not decided who is right. The parties have agreed to settle the Action to avoid the risks, disruption, and uncertainties of continued litigation. A copy of the Settlement is available at **[website]**.

**Who is included in the Settlement?** You are included in the Settlement Class if you have been identified as a living individual in the United States who was sent notice by Defendant that ~~their~~ your Private Information was impacted in the Data Incident.

**What are the Settlement benefits?** All Class Members may elect to receive three (3) years of ~~one bureau of~~ credit monitoring ~~offered~~ through IDX for one credit bureau, cash compensation up to $2,500 for documented losses, cash payment of $20.00 per hour for up to four (4) hours spent resolving issues related to the Data Incident, or $50.00 cash compensation as the alternative to the other cash payments.

**How do I receive a benefit?** Class Members may submit Claim Forms at **[website]** using the Claim Number and PIN found at the front of this postcard, or download a paper Claim Form from the website and mail it to the Claims Administrator at the address on the Claim Form. **Claims must be submitted online or postmarked by [claims deadline].**

**Who represents me?** The Court has appointed Kopelowitz Ostrow P.A., Strauss Borrelli PLLC, EKSM LLP, Mason LLP, AND Milberg PLLC to represent you.

**What if I don't want to participate in the Settlement?** If you do not want to be legally bound by the Settlement, you must exclude yourself by **[exclusion deadline]** or you will not be able to sue YES Communities for the claims made in *this* lawsuit. If you exclude yourself, you cannot get benefits from this Settlement. If you want to object to the Settlement, you may file an objection by **[objection deadline].** The Settlement Agreement, available on the Settlement website at **[website]** explains how to exclude yourself or object.

**When will the Court decide whether to approve the Settlement?** The Court will hold a hearing in this case on **[date] at [time]** at [**location**] to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for $217,000.00 to cover attorneys' fees and costs of litigation as well as a $2,500.00 service award to the named Plaintiffs. You may attend the hearing at your own cost, but you do not have to.

**THIS NOTICE IS ONLY A SUMMARY. VISIT [website] OR SCAN THIS QR CODE FOR COMPLETE INFORMATION.**

— **EXHIBIT 3** —

## <u>NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT</u>

# If YES Communities, LLC Notified You Of A Data Incident, You May Be Eligible For Benefits From A Class Action Settlement.

*This is <u>not</u> a solicitation from a lawyer, junk mail, or an advertisement.*
*A court authorized this Notice.*

This notice summarizes the proposed settlement reached in a lawsuit entitled *O'Leary v. YES Communities, LLC,* Case No. 1:25-cv-692 pending in the United States District Court for the District of Colorado ("Action"). For the precise terms and conditions of the settlement, please see the Settlement Agreement available at **[Website]** or by contacting the Claims Administrator at **[phone number].**

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

**This Notice explains the nature of the lawsuit and claims being settled, your legal rights, and the benefits to the Settlement Class.**

**This notice may affect your rights – please read it carefully.**

- A Settlement has been reached in the class action lawsuit against YES Communities, LLC ("YES Communities") concerning a data incident that occurred between December 9 and 11, 2024, in which YES Communities experienced a system breach during which hackers targeted and accessed Defendant's network systems, some of which contained Private Information. YES Communities does not in any way acknowledge, admit to, or concede any of the allegations made in any of the complaints or in the Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint.

- If you received this Notice, you have been identified as a part of the Settlement Class. More specifically, you are a part of the Settlement Class because you have been identified as a living individual in the United States or its territories, who was sent notice by Defendant that ~~their~~ your Private Information was impacted in the Data Incident. Some limited exclusions apply and can be found in the Settlement Agreement available at **[Website]** and in Section 1 below.

- All Settlement Class Members can receive the following benefits from the Settlement: (a) Cash Payment A – Documented losses: up to $2,500 cash compensation for documented losses, (b) Cash Payment B – Lost Time: cash payment of $20.00 per hour for up to four (4) hours of time spent resolving issues related to the Data Incident, or (c) Cash Payment C – Alternate Cash: $50.00 cash compensation as the alternative to Cash Payment A and Cash Payment B.

- In addition to a Cash Payment, all Settlement Class Members may elect to receive three (3) years of ~~one bureau of~~ credit monitoring ~~provided~~ through IDX for one credit bureau. This shall be available to any Settlement Class Member regardless of whether they previously received a credit monitoring product related to the Data Incident or otherwise.

- **The deadline to submit a claim is [claims deadline ].**

| YOUR LEGAL RIGHTS & OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim** | **You must submit a valid Claim to get monetary relief or credit monitoring from this Settlement.** <br><br> Claim Forms must be submitted online by **[claims deadline]** or, if mailed, postmarked no later than **[claims deadline].** |
| **Do Nothing** | If you do nothing, you remain in the Settlement. <br><br> You give up your rights to sue and you will not get any money. |
| **Exclude Yourself** | **Get out of the Settlement. Get no money. Keep your rights.** <br><br> This is the only option that allows you to keep your right to sue about the claims in this Lawsuit. You will not get any money or credit monitoring from the Settlement. <br><br> Your request to exclude yourself must be postmarked no later than **[exclusion deadline].** |
| **File an Objection** | Stay in the Settlement, but tell the Court why you think the Settlement should not be approved. <br><br> Objections must be postmarked no later than **[objection deadline]**. |
| **Go to a Hearing** | You can ask to speak in Court about the fairness of the Settlement, at your own expense. *See* Question 18 for more details. <br><br> The Final Approval Hearing is scheduled for [final approval date], at [time], and will be held [location/via zoom]. |

## WHAT THIS NOTICE CONTAINS

**Basic Information** ................................................................................................................................. **Pages 4-5**

1. How do I know if I am affected by the Lawsuit and Settlement?
2. What is this case about?
3. Why is there a Settlement?
4. Why is this a class action?
5. How do I know if I am included in the Settlement?

**The Settlement Benefits**...................................................................................................................... **Pages 5-6**

6. What does this Settlement provide?
7. How to submit a Claim?
8. What am I giving up as part of the Settlement?
9. Will the Class Representatives receive compensation?

**Exclude Yourself**....................................................................................................................................**Page 6-7**

10. How do I exclude myself from the Settlement?
11. If I do not exclude myself, can I sue later?
12. What happens if I do nothing at all?

**The Lawyers Representing You** .............................................................................................................. **Page 7**

13. Do I have a lawyer in the case?
14. How will the lawyers be paid?

**Objecting to the Settlement**....................................................................................................................**Page 7-8**

15. How do I tell the Court that I do not like the Settlement?
16. What is the difference between objecting and asking to be excluded?

**The Final Approval Hearing**...................................................................................................................**Page 8-9**

17. When and where will the Court decide whether to approve the Settlement?
18. Do I have to come to the hearing?
19. May I speak at the hearing?

**Do Nothing** .............................................................................................................................................. **Page 9**

20. What happens if I do nothing?

**Get More Information** ..............................................................................................................................**Page 9**

21. How do I get more information about the Settlement?

## BASIC INFORMATION

### 1. How do I know if I am affected by the Lawsuit and Settlement?

You are a part of the Settlement Class if you have been identified as a living individual in the United States who was sent notice by Defendant that ~~their~~ your Private Information was impacted in the Data Incident.

The Settlement Class excludes: (a) all persons who are directors and officers of Defendant; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

This Notice explains the nature of the lawsuit and claims being settled, your legal rights, and the benefits to the Settlement Class.

### 2. What is this case about?

This case is known as *O'Leary v. YES Communities, LLC*, Case No. No. 1:25-cv-692, pending in the United States District Court for the District of Colorado. The persons who sued is called the "Plaintiff," and the company they sued, YES Communities, LLC, is known as the "Defendant" in this case.

Plaintiffs filed the Lawsuit against Defendant, on behalf of themselves and anyone whose Private Information was potentially impacted as a result of the Data Incident.

On or about December 11, 2024, Defendant became aware of anomalous activity within its computer network, which involved certain files being encrypted by ransomware. With the assistance of a third-party forensic specialist engaged through counsel, a forensic investigation was conducted, which determined that between December 9 and 11, 2024, Defendant experienced a ransomware attack that resulted in unauthorized access to its systems and theft of unencrypted Private Information belonging to 10,675 individuals located in the United States or its territories. That information includes name, Social Security number, driver's license number, passport number, state ID card number, financial and credit/debit account information, visa/work eligibility documentation, employee identification number/tax ID number, non-US national identification number, and date of birth. On or about February 24, 2025, Defendant began sending notification letters to impacted individuals. This Lawsuit was subsequently filed asserting claims against Defendant relating to this Data Incident. Defendant denies any wrongdoing.

### 3. Why is there a Settlement?

By agreeing to settle, both sides avoid the cost, disruption, and distraction of further litigation. The Plaintiffs, Defendant, and their attorneys believe the proposed Settlement is fair, reasonable, and adequate and, thus, in the best interests for Settlement Class Members. The Court did not decide in favor of the Plaintiffs or Defendant. Full details about the proposed Settlement are found in the Settlement Agreement available at **[Website].**

### 4. Why is this a class action?

In a class action, one or more people called a "Class Representative" sue on behalf of all people who have similar claims. All of these people together are the "Settlement Class" or "Settlement Class Members."

### 5. How do I know if I am included in the Settlement?

You are included in the Settlement Class if you have been identified as a living individual in the United States or its territories, who was sent notice by Defendant that ~~their~~ your Private Information was impacted in the Data Incident. Some limited exclusions apply and can be found in the Settlement Agreement available at **[Website]** and in Section 1 above. If you are not sure whether you are included as a Settlement Class Member, or have any other questions about the Settlement, visit **[Website]**, call toll-free at **[phone number],** or write to YES Communities Data Incident, c/o Analytics Consulting LLC, P.O. Box 2002, Chanhassen, MN 55317-2002.

## THE SETTLEMENT BENEFITS

4

## 6. What does this Settlement provide?

The proposed Settlement will provide the following benefits to Settlement Class Members:

**Cash Payment A – Documented Loss:** All Settlement Class Members are eligible to submit a claim for up to $2,500.00 per Settlement Class Member upon presentment of reasonable documentation of losses related to fraud and/or identity theft as a result of the Data Incident. Documented expenses include, by way of example, unreimbursed losses relating to fraud or identity theft: if (i) the loss is an actual, documented, and unreimbursed monetary loss; (ii) the loss was more likely than not caused by the Data Incident; and (iii) the loss was incurred after the date of the Data Incident. To receive payment for documented losses, a Settlement Class Member must complete and submit a Claim Form and include documentation in support of the Claim. Except as expressly provided herein, personal certifications, declarations, or affidavits from the Settlement Class Member do not constitute proper documentation, but may be included to provide clarification, context, or support for other submitted reasonable documentation. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with any credit monitoring and identity theft protection product.

**Cash Payment B – Lost Time:** Settlement Class Members who spent time remedying issues related to the Data Incident may receive reimbursement in the amount of $20.00 per hour for up to four hours of time (for a total of $80.00). Settlement Class Members must attest to the amount of time spent. If a Settlement Class Member fails to identify how many hours of time spent on the Claim Form, the Settlement Administrator may interpret such a Claim as a submission for one hour of time.

**Cash Payment C – Alternate Cash:** As an alternative to Cash Payment A – Documented Losses and Cash Payment B – Lost Time, all Settlement Class Members may elect to receive Cash Payment C - Alternate Cash which is a cash payment in the amount of $50.00. There is no documentation required to claim this benefit.

**Credit Monitoring**: In addition to a Cash Payment, all Settlement Class Members may elect to receive three (3) years of ~~one bureau of~~ credit monitoring ~~provided~~ through IDX for one credit bureau. This shall be available to any Settlement Class Member regardless of whether they previously received a credit monitoring product related to the Data Incident or otherwise.

**Note:** Defendant shall be solely responsible for the payment of all Settlement Administration Costs. The Settlement Administrator and Defendant will enter into a separate agreement related to the payment of the Settlement Administration Costs.

## 7. How to submit a claim?

All claims will be reviewed by the Claims Administrator for completeness and plausibility. You must file a Claim Form to receive benefits from the proposed Settlement. Claim Forms must be submitted online by **[claims deadline]** or postmarked no later than **[claims deadline]**. You can submit an online claim or download a Claim Form at **[Website]**, or you can call the Claims Administrator toll-free at **[phone number]** for a Claim Form.

## 8. What am I giving up as part of the Settlement?

If you stay in the Settlement Class, you will be eligible to receive benefits, but you will not be able to sue YES Communities, LLC, and each entity which is controlled by, controlling or under common control with Defendant and their respective past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, insurers, reinsurers, divisions, officers, directors, shareholders, members, agents, servants, employees, partners, predecessors, successors, managers, administrators, executors, and trustees (collectively "Released Parties") regarding the claims in this case.

The Settlement Agreement, which includes all provisions and definitions about settled claims, releases, and Released Parties, is available at **[Website].**

The only way to keep the right to sue is to exclude yourself (*see* Question 10), otherwise you will be included in the Settlement Class, and, if the Settlement is approved, you give up the right to sue for the claims in this case.

## 9.  Will the Class Representative receive compensation?

Yes. Class Counsel, on behalf of the Class Representatives, will seek service awards of up to $2,500 each, to compensate them for their services and efforts in bringing the Lawsuit. The Court will make the final decision as to the amount, if any, to be paid to the Class Representatives.

## EXCLUDE  YOURSELF

## 10.  How do I exclude myself from the Settlement?

If you do not want to be included in the Settlement, you must send a timely written request for exclusion. The exclusion request must be personally signed by the Settlement Class Member and contain the requestor's name, address, telephone number, and email address, and include a statement indicating a request to be excluded from the Settlement. Mass or Class opt-outs by an attorney or other representative of a group of Settlement Class Members will not be accepted. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid Claim.

Your written request for exclusion must be postmarked no later than **[exclusion deadline]** and mailed to:

YES Communities LLC Data Incident,
c/o Analytics Consulting LLC,
P.O. Box 2002,
Chanhassen, MN 55317-2002

If you exclude yourself, you will not be able to receive any cash benefit or credit monitoring from the Settlement, and you cannot object to the Settlement at the Final Approval Hearing. You will not be legally bound by anything that happens in the Lawsuit, and you will keep your right to sue Defendant on your own for the claims that this Settlement resolves.

## 11.  If I do not exclude myself, can I sue later?

No. If you do not exclude yourself from the Settlement, and the Settlement is approved by the Court, you forever give up the right to sue the Released Parties (listed in Question 8) for the claims this Settlement resolves.

## 12.  What happens if I do nothing at all?

If you do nothing, you will be bound by the Settlement if the Court approves it, you will not get any money or credit monitoring services from the Settlement, you will not be able to start or proceed with a lawsuit, or be part of any other lawsuit against the Released Parties (listed in Question 8) about the settled claims in this case at any time.

## THE  LAWYERS  REPRESENTING  YOU

## 13.  Do I have a lawyer in the case?

Yes. The Court has appointed Kopelowitz Ostrow P.A., Strauss Borrelli PLLC, Eksm LLP, Mason LLP, and Milberg PLLC. (called "Class Counsel") to represent the interests of all Settlement Class Members in this case. You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 14.  How will the lawyers be paid?

Class Counsel will apply to the Court for an award of combined attorneys' fees, costs, and expenses in an amount not to exceed $217,000. A copy of Class Counsel's Motion for Attorneys' Fees, Costs, Expenses, and Service Award for Class Representative will be posted on the Settlement Website, **[Website]**, before the Final Approval Hearing.  The Court will make the final decisions as to the amounts to be paid to Class Counsel and may award less than the amount requested by Class Counsel.

## OBJECTING  TO  THE  SETTLEMENT

6

## 15.  How do I tell the Court that I do not like the Settlement?

If you want to tell the Court that you do not agree with the proposed Settlement or some part of it, you must file an objection with the Court telling it why you do not think the Settlement should be approved.

For a written objection to be considered by the Court, the objection must also set forth:

a)  the objector's full name, mailing address, telephone number, and email address (if any);

~~b)~~ all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

~~c)   the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;~~

~~d)   the identity of all counsel (if any) who represent the objector, including any former or current counsel who may claim an entitlement to compensation for any reason related to the objection to the Settlement and/or Motion for Attorneys' Fees, Costs, and Service Awards);~~

~~e)   the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;~~

~~f)   the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;~~

~~g)~~b)     a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

~~h)~~c) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

~~i)~~d) the objector's signature (an attorney's signature is not sufficient).

7

Your Objection must be filed with, or mailed to, the Clerk of the Court no later than **[objection deadline].**

**United States District Court for the District of Colorado**
**Alfred A. Arraj Courthouse**
**901 19th Street Denver, CO 80294**

In addition, you must concurrently mail or hand deliver a copy of your objection to Class Counsel, Defendant's Counsel, and the Settlement Administrator at the addresses below, postmarked no later than **[objection deadline].**

| CLASS COUNSEL | DEFENDANT'S COUNSEL | SETTLEMENT ADMINISTRATOR |
|---|---|---|
| Jeff Ostrow<br>**Kopelowitz Ostrow P.A.**<br>1 West Las Olas Blvd., Ste. 500<br>Fort Lauderdale, FL 33301<br>ostrow@kolawyers.com<br><br>Raina Borrelli<br>**Strauss Borrelli PLLC**<br>One Magnificent Mile<br>980 N Michigan Avenue, Suite 1610<br>Chicago IL, 60611<br>raina@straussborrelli.com<br><br>Leigh S. Montgomery<br>**EKSM, LLP**<br>4200 Montrose Blvd., Suite 200<br>Houston, Texas 77006<br>lmontgomery@eksm.com<br><br>Gary E. Mason<br>**Mason LLP**<br>5335 Wisconsin Avenue, NW, Suite 640<br>Washington, DC 20015<br>gmason@masonllp.com<br><br>Gary M. Klinger<br>**Milberg, PLLC**<br>227 W. Monroe Street, Suite 2100<br>Chicago, IL 60606<br>gklinger@milberg.com | Carolyn Purwin Ryan<br>**Mullen Coughlin LLC**<br>426 W. Lancaster Avenue, Suite 200<br>Devon, PA 19333<br>cpurwinryan@mullen.law | YES Communities LLC Data Incident c/o Analytics Consulting LLC,<br>P.O. Box 2002,<br>Chanhassen, MN 55317-2002 |

If you do not submit your objection with all requirements, or if your objection is not received by **[objection date],** you will be considered to have waived all Objections and will not be entitled to speak at the Final Approval Hearing.

## 16.  What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in

the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## THE FINAL APPROVAL HEARING

### 17.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on **[final approval date], at [time]** at **[location/zoom].** The hearing may be moved to a different date, time, or location without additional notice, so it is recommended that you periodically check **[Website]** for updated information.

At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, adequate, and is in the best interests of Settlement Class Members, and if it should be finally approved. If there are valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if the request was made properly. The Court will also consider the award of attorneys' fees, costs, and expenses to Class Counsel and the request for a Service Award to the Class Representatives.

### 18.  Do I have to come to the hearing?

No. You are not required to come to the Final Approval Hearing. However, you are welcome to attend the hearing at your own expense.

If you submit an Objection, you do not have to come to the hearing to talk about it. If your objection was submitted properly and on time, the Court will consider it. You also may pay your own lawyer to attend the Final Approval Hearing, but that is not necessary. However, you must follow the requirements for making objections in Question 15, including the requirements for making appearances at the hearing.

### 19.  May I speak at the hearing?

Yes. You can speak at the Final Approval Hearing, but you must ask the Court for permission.  To request permission to speak, you must file an objection according to the instructions in Question 15, including all the information required for you to make an appearance at the hearing. You cannot speak at the hearing if you exclude yourself from the Settlement.

## DO NOTHING

### 20.  What happens if I do nothing?

If you do nothing, you will not get any money from the Settlement, you will not be able to sue for the claims in this case, and you release the claims against Defendants and the Released Parties described in Question No. 8.

## GET MORE INFORMATION

### 21.  How do I get more information about the Settlement?

This is only a summary of the proposed Settlement.  If you want additional information about this lawsuit, including a copy of the Settlement Agreement, the Complaint, the Court's Preliminary Approval Order, Class Counsel's Motion for Attorneys' Fees, Costs, Expenses, and Service Award for Class Representative, and more, please visit **[website]** or call **[phone number].** You may also contact the Claims Administrator at:

YES Communities LLC Data Incident,

c/o Analytics Consulting LLC,

P.O. Box 2002,

Chanhassen, MN 55317-2002

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, DEFENDANT, OR DEFENDANT'S COUNSEL.**

— **EXHIBIT 4** —

**CLAIM FORM FOR YES COMMUNITIES, LLC DATA INCIDENT SETTLEMENT**

**Your claim must be submitted online or postmarked by: MONTH DD, 2026**

*O'Leary v YES Communities, LLC*
Case No.  1:25-cv-692-PAB-NRN
United Stated District Court for the District of Colorado

**YES Communities Data Incident**

**USE THIS FORM ONLY IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS
TO MAKE A CLAIM FOR COMPENSATION FOR UNREIMBURSED LOSSES**

**GENERAL INSTRUCTIONS**

If you received Notice of this Settlement, you have been identified as a living individual in the United States who was sent notice by Defendant that ~~their~~ your Private Information was impacted in the Data Incident.

Please refer to the Settlement Notice (Long Notice) posted on the Settlement Website <<Website>>, for more information on submitting a Claim.

**To receive any benefits, you must submit the Claim Form below by <<DATE>>.**

**Cash Payment A – Documented Loss:** All Settlement Class Members are eligible to submit a claim for up to $2,500.00 per Settlement Class Member upon presentment of reasonable documentation of losses related to fraud and/or identity theft as a result of the Data Incident. Documented expenses include, by way of example, unreimbursed losses relating to fraud or identity theft: if (i) the loss is an actual, documented, and unreimbursed monetary loss; (ii) the loss was more likely than not caused by the Data Incident; and (iii) the loss was incurred after the date of the Data Incident. To receive payment for documented losses, a Settlement Class Member must complete and submit a Claim Form and include documentation in support of the Claim. Except as expressly provided herein, personal certifications, declarations, or affidavits from the Settlement Class Member do not constitute proper documentation, but may be included to provide clarification, context, or support for other submitted reasonable documentation. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with any credit monitoring and identity theft protection product.

**Cash Payment B – Lost Time:** Settlement Class Members who spent time remedying issues related to the Data Incident may receive reimbursement in the amount of $20.00 per hour for up to four hours of time (for a total of $80.00). Settlement Class Members must attest to the amount of time spent. If a Settlement Class Member fails to identify how many hours of time spent on the Claim Form, the Settlement Administrator may interpret such a Claim as a submission for one hour of time.

**Cash Payment C – Alternate Cash:** As an alternative to Cash Payment A – Documented Losses and Cash Payment B – Lost Time, all Settlement Class Members may elect to receive Cash Payment C - Alternate Cash which is a cash payment in the amount of $50.00. There is no documentation required to claim this benefit.

**Credit Monitoring**: In addition to a Cash Payment, all Settlement Class Members may elect to receive three (3) years of ~~one bureau of~~ credit monitoring through IDX for one credit bureau. This shall be available to any Settlement Class Member regardless of whether they previously received a credit monitoring product related to the Data Incident or otherwise.

Please read the claim form carefully and answer all questions. Failure to provide required information could result in a denial of your claim.

**Questions? Go to URL or call 1-XXX-XXX-XXXX.**

<table>
<tr><td>

**Your claim must be submitted online or postmarked by: MONTH DD, 2026**

</td><td>

**CLAIM FORM FOR YES COMMUNITIES, LLC DATA INCIDENT SETTLEMENT**

*O'Leary v YES Communities, LLC*
Case No.  1:25-cv-692-PAB-NRN
United Stated District Court for the District of Colorado

</td><td>

**YES Communities Data Incident**

</td></tr>
</table>

This Claim Form may be submitted electronically via the Settlement Website at **URL** or completed and mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

YES Communities Data Incident
c/o Analytics Consulting LLC
PO Box 2002
Chanhassen MN 55317-2002

## I.  CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Claims Administrator if your contact information changes after you submit this form.

**First Name**                                        **Last Name**

**Street Address**

**City**                               **State**                               **Zip Code**

**Email Address (optional)**

**Telephone Number**

## II.  PROOF OF CLASS MEMBERSHIP

☐        Check this box to certify that you were a person to whom YES Communities, LLC mailed notice of the Settlement.

Enter the Claim Number and PIN provided on your Postcard Notice:

**Claim Number**

**Questions? Go to URL or call 1-XXX-XXX-XXXX.**

<table>
<tr><td>

**Your claim must be submitted online or <u>postmarked by:</u> <mark>MONTH DD, 2026</mark>**

</td><td>

**<u>CLAIM FORM FOR YES COMMUNITIES, LLC DATA INCIDENT SETTLEMENT</u>**

*O'Leary v YES Communities, LLC*
Case No.  1:25-cv-692-PAB-NRN
United Stated District Court for the District of Colorado

</td><td>

**YES Communities Data Incident**

</td></tr>
</table>

**PIN**

## III.  CREDIT MONITORING

☐   Check this box if you wish to receive three (3) years of ~~one bureau of~~ credit monitoring ~~offered~~ through IDX <u>for one credit bureau</u>.

## IV. CASH PAYMENT A - DOCUMENTED LOSSES

All Settlement Class Members are eligible to submit a claim for up to $2,500.00 per Settlement Class Member upon presentment of reasonable documentation of losses related to fraud and/or identity theft as a result of the Data Incident. Documented expenses include, by way of example, unreimbursed losses relating to fraud or identity theft: if (i) the loss is an actual, documented, and unreimbursed monetary loss; (ii) the loss was more likely than not caused by the Data Incident; and (iii) the loss was incurred after the date of the Data Incident. To receive payment for documented losses, a Settlement Class Member must complete and submit a Claim Form and include documentation in support of the Claim. Except as expressly provided herein, personal certifications, declarations, or affidavits from the Settlement Class Member do not constitute proper documentation, but may be included to provide clarification, context, or support for other submitted reasonable documentation. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with any credit monitoring and identity theft protection product.

| **Cost Type** (Fill all that apply) | **Approximate Date of Loss** | **Amount of Loss** |
|---|---|---|
| ◯   losses related to fraud and/or identity theft as a result of the Data Incident | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |
| Provide a written description of your documented loss expenses: | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Provide a written explanation of your actual, documented identity theft and/or fraud, why it was more likely than not caused by the Data Incident, and your reasonable efforts to avoid, or seek reimbursement for, the loss: | | |
| | | |
| | | |

**Questions? Go to <mark>URL</mark> or call 1-<mark>XXX-XXX-XXXX</mark>.**

<table>
<tr><td><strong>Your claim must be submitted online or <u>postmarked by:</u></strong><br><mark><strong>MONTH DD, 2026</strong></mark></td><td align="center"><strong><u>CLAIM FORM FOR YES COMMUNITIES, LLC DATA INCIDENT SETTLEMENT</u></strong><br><br><em>O'Leary v YES Communities, LLC</em><br>Case No.  1:25-cv-692-PAB-NRN<br>United Stated District Court for the District of Colorado</td><td align="center"><strong>YES Communities Data Incident</strong></td></tr>
</table>

| Cost Type<br>(Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**YOU MUST SUBMIT DOCUMENTATION OF THE FRAUD AND/OR IDENTITY THEFT AND YOUR DOCUMENTED LOSS EXPENSES.**

**Examples of Supporting Documentation of Loss:** *Bank statements, credit card statements, letters from the IRS or other tax authorities, letters from state unemployment agencies, and police reports.*

## V.  CASH PAYMENT B - LOST TIME

Settlement Class Members who spent time remedying issues related to the Data Incident may receive reimbursement in the amount of $20.00 per hour for up to four hours of time (for a total of $80.00).

Hours claimed (up to 4 hours – check one box)        □ 1 Hour | □ 2 Hours | □ 3 Hours | □ 4 Hours

( )   I swear under penalty of perjury that, to the best of my knowledge and belief, any claimed lost time was spent related to the Data Incident.

## VI. CASH PAYMENT C - ALTERNATE CASH PAYMENT

☐    Check this box if you wish to receive a cash payment.

As an alternative to Cash Payment A – Documented Losses and Cash Payment B – Lost Time, all Settlement Class Members may elect to receive Cash Payment C - Alternate Cash, which is a cash payment in the amount of $50.00. There is no documentation required to claim this benefit.

You are not entitled to this Alternative Cash Payment if you have made a claim under Sections IV and/or V.

## VIII.  PAYMENT SELECTION

Please select **<u>one</u>** of the following payment options, which will be used should you be eligible to receive a settlement payment:

☐  **PayPal** - Enter your PayPal email address: _____
  Questions? Go to <mark>URL</mark> or call 1-<mark>XXX-XXX-XXXX</mark>.

<table>
<tr><td>

**Your claim must be submitted online or <u>postmarked by</u>: <mark>MONTH DD, 2026</mark>**

</td><td>

**CLAIM FORM FOR YES COMMUNITIES, LLC DATA INCIDENT SETTLEMENT**

*O'Leary v YES Communities, LLC*
Case No. 1:25-cv-692-PAB-NRN
United Stated District Court for the District of Colorado

</td><td>

**YES Communities Data Incident**

</td></tr>
</table>

☐ **Venmo -** Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

☐ **Zelle -** Enter the mobile number or email address associated with your Zelle account:

Mobile Number: __ __ __-__ __ __-__ __ __    or Email Address: _____

☐ **Virtual Prepaid Card -** Enter your email address: _____

☐ **Physical Check -** Payment will be mailed to the address provided in Section I. above.

## IX.  ATTESTATION & SIGNATURE

**I declare under penalty of perjury under the laws of the United States and any applicable state or jurisdiction that the information provided in this Claim Form, and any supporting documentation submitted, is true and correct to the best of my knowledge.  I further attest, under penalty of perjury, that any hours I have claimed for Lost Time were in fact spent responding to the Data Incident. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim can be deemed complete and valid.**

| _____ | _____ | _____ |
|:---:|:---:|:---:|
| Signature | Printed Name | Date |

— **EXHIBIT  5** —

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| MICHELLE O'LEARY, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>YES COMMUNITIES, LLC,<br><br>    Defendant. | Case No. 25-cv-00692-PAB-NRN<br><br>(Consolidated with Case Nos. 25-cv-00698-PAB-NRN, 25-cv-00728-PAB-NRN, 25-cv00819-PAB-NRN, and 25-cv-00937-PAB-NRN) |

**AMENDED SETTLEMENT AGREEMENT**

This Settlement Agreement[1] is entered into between Plaintiffs Michelle O'Leary, Teresa Starks, Terry Wilkins, Brenton Kay, and Jasmin Burns, on behalf of themselves and the Settlement Class, and Defendant YES Communities, LLC. The Parties hereby agree to the following terms in full settlement of the Action, subject to a Final Approval Order entered by the Court.

I.    **Procedural History**

1.    Defendant owns manufactured home communities located in 23 states.

2.    In the regular course of its business, Defendant handles individuals' Private Information. Depending on the circumstances, that information may include name, Social Security number, driver's license number, passport number, state ID card number, financial and credit/debit account information, visa/work eligibility documentation, employee identification number/tax ID number, non-US national identification number, and date of birth.

3.    On or about December 11, 2024, Defendant experienced a system breach during which hackers targeted and accessed Defendant's network systems, some of which contained

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section II below.

1

Private Information belonging to 10,675 individuals located in the United States or its territories.

4.      On or about February 24, 2025, Defendant began sending notification letters to impacted individuals.

5.      As a result, beginning on March 4, 2025, five lawsuits relating to the Data Incident were filed against Defendant in the United States District Court for the District of Colorado: *O'Leary v. YES Communities, LLC*, Case No. 1:25-cv-692; *Wilkins v. YES Communities, LLC*, Case No. 1:25-cv-698; *Starks v. YES Communities, LLC*, Case No. 1:25-cv-728; *Kay v. YES Communities, LLC*, Case No. 1:25-cv-819; and *Burns v. YES Communities, LLC*, Case No. 25-cv-00937.   Plaintiffs' counsel in those actions conferred and collectively decided to work together to pursue the claims of their respective plaintiffs and the putative class of individuals impacted in the Data Incident.

6.      On March 20, 2025, Plaintiffs' counsel filed a Motion to Consolidate the *O'Leary*, *Wilkins*, *Starks*, and *Kay* actions.[2] The Court granted the Motion to Consolidate on April 22, 2025.

7.      On May 15, 2025, Plaintiffs O'Leary, Wilkins, Starks, Kay, and Burns filed a Consolidated Class Action Complaint alleging claims against Defendant for negligence, negligence *per se*, invasion of privacy, breach of contract, breach of implied contract, unjust enrichment, and declaratory judgment on behalf of a national class.

8.      In an effort to conserve resources for the benefit of the those impacted in the Data Incident, the Parties began discussing settlement and scheduled mediation with experienced mediator, the Honorable David E. Jones (ret.).

9.      On July 28, 2025, the Parties filed a joint motion to stay the case pending mediation, which the Court granted On July 30, 2025.

---

[2] The *Burns* action was filed after the Motion to Consolidate was filed.

10.    In advance of mediation, Plaintiffs consulted with liability and damage experts and Defendant provided Plaintiffs with informal discovery including information related to, among other things, the nature and cause of the Data Incident, the number of individuals impacted by the Data Incident, and the specific type of information potentially accessed.

11.    The Parties participated in mediation on October 23, 2025. After arms-length negotiations between experienced counsel both during and following the mediation, the Parties reached agreement on the materials terms of this class-wide Settlement.

12.    The Parties now agree to settle the Action entirely, without any admission of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties. Defendant has entered into this Agreement to resolve all controversies and disputes arising out of or relating to the allegations made in the Complaint, and to avoid the litigation costs and expenses, distractions, burden, expense, and disruption to its business operations associated with further litigation. Defendant does not in any way acknowledge, admit to, or concede any of the allegations made in any of the complaints or in the Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement. Plaintiffs have entered into this Agreement to recover on the claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in any way concede that the claims alleged in the Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, Defendant, and all Settlement Class Members.

3

NOW, THEREFORE, in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.    Definitions

13.    "**Action**" means the class action lawsuit entitled: *O'Leary v. YES Communities, LLC*, Case No. 1:25-cv-692 pending in the United States District Court for the District of Colorado, which is inclusive of the actions consolidated therewith: Case Nos. 25-cv-00698- PAB-NRN, 25-cv-00728-PAB-NRN, 25-cv00819-PAB-NRN, and 25-cv-00937-PAB-NRN.

14.    "**Agreement**" or "**Settlement**" or "**Settlement Agreement**" means this agreement, and all exhibits attached hereto, between Plaintiffs and Defendant.

15.    "**Application for Attorneys' Fees, Costs, and Service Awards**" means the application made with the Motion for Final Approval seeking Class Counsel's attorneys' fees, reimbursement for costs, and for Service Awards for the Class Representatives.

16.    "**CAFA Notice**" means Class Action Fairness Act Notice which the Settlement Administrator shall serve upon the appropriate state and federal officials, providing notice of the proposed Settlement. The Settlement Administrator shall provide a declaration attesting to compliance with 28 U.S.C. § 1715(b), which will be filed with the Motion for Final Approval.

17.    "**Cash Payment**" means the cash compensation paid to Settlement Class Members who elected to submit a Claim for either Cash Payment A or Cash Payment B under Section IV herein.

18.    "**Cash Payment A – Documented Losses**" means the up to $2,500.00 in cash compensation that Settlement Class Members with documented losses may elect under the Settlement.

4

19.    "**Cash Payment B – Lost Time**" means the Settlement Class Member Benefit consisting of a cash payment of $20.00 per hour for up to four (4) hours for time spent resolving issues related to the Data Incident that Settlement Class Members may elect under the Settlement.

20.    "**Cash Payment C – Alternate Cash**" means the $50.00 cash compensation that Settlement Class Members may elect under the Settlement in the alternative to claims for Cash Payment A or Cash Payment B.

21.    "**Claim**" means the submission of a Claim Form by a Claimant.

22.    "**Claimant**" means an individual who submits a Claim Form for Settlement Class Member Benefits to the Settlement Administrator.

23.    "**Claim Form**" means the proof of claim, substantially in the form attached hereto as *Exhibit 3*, which may be modified, subject to the Parties' approval, to meet the requirements of the Settlement Administrator.

24.    "**Claim Form Deadline**" shall be 15 days before the initial scheduled Final Approval Hearing.

25.    "**Claim Process**" means the process by which Claimants submit Claims to the Settlement Administrator and the Settlement Administrator reviews the Claims to determine which are Valid Claims eligible for payment under this Settlement.

26.    "**Class Counsel**" means: Jeff Ostrow of Kopelowitz Ostrow P.A, Raina Borrelli of Strauss Borrelli PLLC, Leigh S. Montgomery of EKSM, LLP, Gary E. Mason of Mason LLP, and Gary M. Klinger of Milberg, PLLC.

27.    "**Class List**" means the list of Settlement Class Members provided to the Settlement Administrator by Defendant for the purpose of effectuating Notice. Defendant shall prepare and provide the Class List to the Settlement Administrator using information in Defendant's records.

5

To the extent maintained by the Defendant, the Class List shall include the Settlement Class Members' full names and current physical addresses.

28. "**Class Representatives**" means Michelle O'Leary, Teresa Starks, Terry Wilkins, Brenton Kay, and Jasmin Burns, who will be submitted as representatives of the Settlement Class.

29. "**Complaint**" means the Consolidated Class Action Complaint filed in this Action.

30. "**Court**" means the United States District Court for the District of Colorado, and the Judge(s) assigned to the Action.

31. "**Credit Monitoring**" means three years of one bureau of credit monitoring provided by IDX through the Settlement that Settlement Class Members may elect to receive under the Settlement.

32. "**Data Incident**" means the unauthorized access to or acquisition of Plaintiffs' and the Settlement Class's Private Information that Defendant discovered on or about December 11, 2024.

33. "**Defendant**" means YES Communities, LLC, the defendant in the Action.

34. "**Defendant's Counsel**" means Carolyn Purwin Ryan of Mullen Coughlin LLC.

35. "**Effective Date**" means the day after the Final Approval Order is entered if there are no objections to the Settlement, or if there are objections, the later of: (a) 30 days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (b) if appeals are taken from the Final Approval Order, then the earlier of 30 days after the last appellate court ruling affirming the Final Approval Order or 30 days after the entry of a dismissal of the appeal.

36. "**Final Approval**" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order, substantially in the form attached to the Motion for Final Approval.

6

37.     "**Final Approval Hearing**" means the hearing held before the Court during which the Court will consider granting Final Approval of the Settlement and the Application for Attorneys' Fees, Costs, and Service Awards.

38.     "**Final Approval Order**" means the final order the Court enters granting Final Approval of the Settlement, substantially in the form attached hereto as *Exhibit 5*.

39.     "**Long Form Notice**" means the long form notice of the Settlement, substantially in the form attached hereto as *Exhibit 2* that shall be posted on the Settlement Website and shall be available to Settlement Class Members by mail on request made to the Settlement Administrator.

40.     "**Motion for Final Approval**" means the motion that Plaintiffs and Class Counsel shall file with the Court seeking Final Approval of the Settlement.

41.     "**Motion for Preliminary Approval**" means the motion that Plaintiffs shall file with the Court seeking Preliminary Approval of the Settlement.

42.     "**Notice**" means the Postcard Notice and Long Form Notice that Plaintiffs will ask the Court to approve in connection with the Motion for Preliminary Approval.

43.     "**Notice Program**" means the methods provided for in this Agreement for giving Notice to the Settlement Class and include Postcard Notice, Long Form Notice, Settlement Website, and toll-free Settlement phone number.

44.     "**Notice of Deficiency**" means the notice sent by the Settlement Administrator to a Settlement Class member who has submitted an invalid Claim.

45.     "**Objection Deadline**" means 30 days before the initial scheduled Final Approval Hearing.

46.     "**Opt-Out Deadline**" means 30 days before the initial scheduled Final Approval

Hearing.

47.    "**Party**" means either Plaintiffs or Defendant, and "**Parties**" means Plaintiffs and Defendant, collectively.

48.    "**Plaintiffs**" means Michelle O'Leary, Teresa Starks, Terry Wilkins, Brenton Kay, and Jasmin Burns, the plaintiffs in this Action.

49.    "**Postcard Notice**" means the postcard form of Notice of the Settlement, substantially in the form attached hereto as *Exhibit 1*, that will be distributed to those Settlement Class Members for whom physical addresses are maintained by Defendant.

50.    "**Preliminary Approval**" means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order.

51.    "**Preliminary Approval Order**" means the order preliminarily approving the Settlement, proposed Notice Program, and Claims Process, substantially in the form attached hereto as *Exhibit 4*.

52.    "**Private Information**" means name, Social Security number, driver's license number, passport number, state ID card number, financial and credit/debit account information, visa/work eligibility documentation, employee identification number/tax ID number, non-US national identification number, and date of birth.

53.    "**Releases**" means the releases and waiver set forth in Section XI of this Agreement.

54.    "**Released Claims**" means any and all actual, potential, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, indemnities, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, based

8

on any federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act relating to the Data Incident.

55.    "**Released Parties**" means Defendant and each entity which is controlled by, controlling or under common control with Defendant and their respective past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, insurers, reinsurers, divisions, officers, directors, shareholders, members, agents, servants, employees, partners, predecessors, successors, managers, administrators, executors, and trustees.

56.    "**Releasing Parties**" means Plaintiffs and Settlement Class Members and their respective past, present, and future heirs, devisees, beneficiaries, conservators, executors, estates, administrators, assigns, trustees, and receivers.

57.    "**Service Awards**" means the payment the Court may award Plaintiffs for serving as Class Representatives, which is in addition to any Settlement Class Member Benefit due to Plaintiffs as Settlement Class Members. The Service Awards shall be paid by Defendant separate from the Settlement Class Member Benefits.

58.    "**Settlement Administrator**" means Analytics Consulting LLC, the third-party notice and claims administrator jointly selected by the Parties.

59.    "**Settlement Administration Costs**" means all costs and fees of the Settlement Administrator regarding Notice and Settlement administration, for which Defendant shall be solely responsible for payment.

60.    "**Settlement Class**" means all living individuals in the United States who were sent

9

notice by Defendant that their Private Information was impacted in the Data Incident. Excluded

from the Settlement Class are (a) all persons who are directors and officers of Defendant; (b)

governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and

Court staff.

61.    "**Settlement Class Member**" means any member of the Settlement Class who has

not opted-out of the Settlement.

62.    "**Settlement Class Member Benefits**" means the Cash Payments and Credit

Monitoring that Settlement Class Members may elect in the Settlement.

63.    "**Settlement Website**" means the website the Settlement Administrator will

establish as a means for the Settlement Class Members to submit Claim Forms and obtain notice

and information about the Settlement, including hyperlinked access to this Agreement, the

Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Final Approval,

Application for Attorneys' Fees, Costs, and Service Awards, and Final Approval Order, as well as

other documents as the Parties agree to post or the Court orders posted. The Settlement Website

shall remain online and operable for at least six months after Final Approval.

64.    "**Valid Claim**" means a Claim Form submitted by a Settlement Class member that

is: (a) submitted in accordance with the provisions of the Settlement; (b) accurately, fully, and

truthfully completed and executed, with all of the information requested in the Claim Form, by a

Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member

personally, subject to the penalty of perjury; (d) returned via mail and postmarked by the Claim

Form Deadline, or, if submitted online, submitted by 11:59 p.m. Eastern time on the Claim Form

Deadline; and (e) determined to be valid by the Settlement Administrator. The Settlement

Administrator may require additional information from the Claimant to validate the Claim,

10

including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Deficiency may result in a determination that the Claim is not a Valid Claim.

III.    **Certification of the Settlement Class**

65.    In the Motion for Preliminary Approval, Plaintiffs shall propose and request to the Court that the Settlement Class be certified for Settlement purposes. Defendant agrees solely for purposes of the Settlement provided for in this Agreement, and the implementation of such Settlement, that this case shall proceed as a class action; provided however, that if a Final Approval Order is not issued, then any certification shall be null and void and, for the avoidance of doubt, Defendant shall retain all rights to object to any future requests to certify a class. Plaintiffs and Class Counsel shall not reference this Agreement in support of any subsequent motion for class certification of any class in the Action.

IV.    **Settlement Consideration**

66.    Defendant has agreed to pay, or cause to be paid, for the following: (a) all Settlement Administration Costs; (b) Cash Payments to and Credit Monitoring for Settlement Class Members; and (c) any Court-awarded attorneys' fees, costs, and Service Awards.

67.    *Cash Payments* – All Settlement Class Members must submit a Valid Claim to the Settlement Administrator to receive a Cash Payment payable from Defendant. When submitting a Valid Claim, Settlement Class Members must choose either or both Cash Payment A – Documented Losses and Cash Payment B – Lost Time, or in the alternative, Cash Payment C – Alternate Cash. If a Settlement Class Member does not submit a Valid Claim, the Settlement Class Member will release his or her claims without receiving a Cash Payment.

11

### a.      Cash Payment A – Documented Losses

All Settlement Class Members are eligible to submit a claim for up to $2,500.00 per Settlement Cass Member upon presentment of reasonable documentation of losses related to fraud and/or identity theft as a result of the Data Incident. Documented expenses include, by way of example, unreimbursed losses relating to fraud or identity theft: if (i) the loss is an actual, documented, and unreimbursed monetary loss; (ii) the loss was more likely than not caused by the Data Incident; and (iii) the loss was incurred after the date of the Data Incident. To receive payment for documented losses, a Settlement Class Member must complete and submit a Claim Form and include documentation in support of the Claim. Except as expressly provided herein, personal certifications, declarations, or affidavits from the Settlement Class Member do not constitute proper documentation, but may be included to provide clarification, context, or support for other submitted reasonable documentation. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with any credit monitoring and identity theft protection product. If a Settlement Class Member does not submit reasonable documentation supporting a loss, or if their Claim is rejected by the Settlement Administrator for any reason, and the Settlement Class Member fails to cure his or her Claim, the Claim will be rejected.

### b.      Cash Payment B – Lost Time

Settlement Class Members who spent time remedying issues related to the Data Incident may receive reimbursement in the amount of $20.00 per hour for up to four hours of time (for a total of $80.00). Settlement Class Members must attest to the amount of time spent. If a Settlement Class Member fails to identify how many hours of time spent on the Claim Form, the Settlement Administrator may interpret such a Claim as a submission for one hour of time.

      c.      **Cash Payment C – Alternate Cash**

As an alternative to Cash Payment A – Documented Losses and Cash Payment B – Lost Time, all Settlement Class Members may elect to receive Cash Payment C - Alternate Cash which is a cash payment in the amount of $50.00. There is no documentation required to claim this benefit.

68.      *Credit Monitoring* – In addition to a Cash Payment, all Settlement Class Members may elect to receive three years of one bureau of credit monitoring provided through IDX. This shall be available to any Settlement Class Member regardless of whether they previously received a credit monitoring product related to the Data Incident or otherwise.

69.      *Business Practice Changes* **–** Defendant will provide a confidential declaration to Settlement Class Counsel and, if requested, to the Court for *in camera* review, describing its information security improvements since the Data Incident and an estimate of the cost of those improvements. The cost of such enhancements will be paid by Defendant separate and apart from all other Settlement benefits.

70.      *Settlement Administration Costs* **–** Defendant shall be solely responsible for the payment of all Settlement Administration Costs. The Settlement Administrator and Defendant will enter into a separate agreement related to the payment of the Settlement Administration Costs.

## V.    <u>Settlement Approval</u>

71.      Within 10 days of signing this Agreement, Class Counsel shall file a Motion for Preliminary Approval, which shall, among other things, request the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4)

approve the Claim Form and Claim Process; (5) approve the procedures for Settlement Class Members to opt-out of the Settlement or for Settlement Class Members to object to the Settlement; (6) appoint Jeff Ostrow, Raina Borrelli, Leigh S. Montgomery, Gary E. Mason, and Gary M. Klinger as Class Counsel; (7) appoint Plaintiffs as the Class Representatives; (8) appoint Analytics Consulting LLC as the Settlement Administrator; (9) stay the Action pending Final Approval of the Settlement; and (10) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, the Parties, Class Counsel, and Defendant's Counsel.

## VI.    Settlement Administrator

72.    The Parties agree that, subject to Court approval, Analytics Consulting LLC shall be the Settlement Administrator. The Parties shall jointly oversee the Settlement Administrator. The Settlement Administrator shall fulfill the requirements set forth in the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

73.    The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program and handling the Claims Process.

74.    The Settlement Administrator's duties include:

a.    Completing the Court-approved Notice Program by noticing the Settlement Class by Postcard Notice and sending out Long Form Notices and Claim Forms on request from Settlement Class Members, reviewing Claim Forms and supporting documentation, notifying Claimants of deficient Claim Forms using the Notice of Deficiency, and sending out Cash Payments, and ensuring Credit Monitoring codes are distributed, to Settlement Class Members;

14

b.   Establishing and maintaining a post office box to receive opt-out requests from the Settlement Class, objections from Settlement Class Members, and Claim Forms;

c.   Establishing and maintaining the Settlement Website to provide important information and to receive electronic Claim Forms;

d.  Establishing and maintaining an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class Members who call or otherwise communicate such inquiries;

e.   Responding to any mailed Settlement Class Member inquiries;

f.   Processing all opt-out requests from the Settlement Class;

g.   Providing weekly reports to Class Counsel and Defendant's Counsel that summarize the number of Claims submitted, Claims approved and rejected, Notice of Deficiency sent, opt-out requests and objections received that week, the total number of opt-out requests and objections received to date, and other pertinent information;

h.   In advance of the Final Approval Hearing, preparing a declaration confirming the Notice Program and Claims Process were completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing in detail how the Notice Program was completed, indicating the number of Claim Forms received, the value of the Valid Claims submitted to date, providing the names of each Settlement Class member who timely and properly requested to opt-out from the Settlement Class, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

i.   Reviewing Claim Forms submitted by Settlement Class Members to determine whether they are eligible for a Cash Payment and/or Credit Monitoring;

j.   Collecting from Defendant and/or its insurer(s) the funds necessary to pay Valid

15

Claims for Cash Payments and Credit Monitoring;

       k.  Distributing Cash Payments to Settlement Class Members who submit Valid Claims;

       l.  Ensuring that Credit Monitoring Codes are emailed to Settlement Class Members who submit Valid Claims; and

       m. Any other Settlement administration function at the instruction of Class Counsel and Defendant.

## VII.   Notice to the Settlement Class, Opt-Out Procedures, and Objection Procedures

75.     Defendant will make available to the Settlement Administrator the Class List no later than five days after entry of the Preliminary Approval Order. To the extent necessary, Defendant will cooperate with updating the Class List to accomplish the Notice Program and otherwise administer the Settlement.

76.     Within 30 days following entry of the Preliminary Approval Order, the Settlement Administrator shall commence the Notice Program. Settlement Class Members shall be sent a Postcard Notice.

77.     The Notice Program shall be completed no later than 45 days before the initial date set for the Final Approval Hearing.

78.     The Postcard Notice shall include, among other information: a description of the material terms of the Settlement; how to submit a Claim Form; the Claim Form Deadline; the Opt-Out Deadline by which Settlement Class Members must opt-out of the Settlement Class; the Objection Deadline by which Settlement Class Members must object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; the Final Approval Hearing date; and the Settlement Website address at which Settlement Class Members may access this Agreement

16

and other related documents and information. Class Counsel and Defendant's Counsel shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. If the date or time for the Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website to reflect the new date. No additional notice to the Settlement Class is required if the date or time for the Final Approval Hearing changes.

79.   The Settlement Administrator shall establish the Settlement Website no later than the day before Notice is first initiated. The Settlement Administrator shall ensure the Settlement Website makes available the Court-approved online Claim Form that can be submitted directly on the Settlement Website or in printable version that can be sent by U.S. Mail to the Settlement Administrator.

80.   The Long Form Notice also shall include a procedure for Settlement Class Members to opt-out of the Settlement Class, and the Postcard Notice shall direct Settlement Class Members to review the Long Form Notice to obtain the opt-out instructions. A Settlement Class member may opt-out at any time before the Opt-Out Deadline by mailing a request to opt-out to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The opt-out request must be personally signed by the Settlement Class member and contain the requestor's name, address, telephone number, and email address, and include a statement indicating a request to be excluded from the Settlement Class. Mass or Class opt-outs by an attorney or other representative of a group of Settlement Class Members will not be accepted. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid Claim.

81.   The Long Form Notice shall also include a procedure for Settlement Class

Members to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards, and the Postcard Notice shall direct Settlement Class Members to review the Long Form Notice to obtain the objection instructions. Objections must be filed with the Court, and sent by U.S. Mail to Class Counsel, Defendant's Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the relevant Settlement Class Member must submit the objection before the Objection Deadline, as specified in the Notice, and the relevant Settlement Class Member must not have excluded themselves from the Settlement Class. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label. For an objection to be considered by the Court, it must strictly and fully comply with each and every requirement outlined in this Agreement, the Long Form Notice, and the Preliminary Approval Order.

82.     For an objection to be considered by the Court, the objection must also set forth:

a.      the objector's full name, mailing address, telephone number, and email address (if any);

b.      all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

c.

d.      a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

e.      a statement confirming whether the objector intends to personally appear

18

and/or testify at the Final Approval Hearing; and

        f.     the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel, including taking depositions and propounding document requests.

## VIII.   <u>Claim Form Process and Disbursement of Cash Payments</u>

83.     The Notices and the Settlement Website will explain to Settlement Class Members that they may be entitled to a Settlement Class Member Benefit and how to submit a Claim Form.

84.     Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim Form.

85.     The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

86.     The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate claims. No Settlement Class member may submit more than one Claim Form. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class member. If the Settlement Administrator identifies any Claim Form that appears to be a duplication, the Settlement Administrator shall contact the Settlement Class member in an effort to determine which Claim Form is the appropriate one for consideration.

87.     The Settlement Administrator shall exercise, in its discretion, all usual and

19

customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties may require information from Claimants or deny Claims, subject to the supervision of the Parties and ultimate oversight by the Court.

88.    Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise the Claimant or Settlement Class member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator may send a Notice of Deficiency explaining what information is missing or inaccurate and needed to validate the Claim and have it submitted for consideration. The Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. The additional information and/or documentation can include, for example, answers to questions regarding the validity of the Claimant's physical or e-signature. A Claimant shall have until the Claim Form Deadline, or 15 days from the date the Notice of Deficiency is sent to the Claimant via mail and postmarked or via email, whichever is later, to reply to the Notice of Deficiency and provide the required information. If the Claimant timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Claimant does not

20

timely and completely provide the requested information and/or documentation, the Settlement Administrator shall reduce or deny the Claim unless Defendant and Class Counsel otherwise agree.

89.     Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

    a.     Failure to fully complete and/or sign the Claim Form;

    b.     Illegible Claim Form;

    c.     The Claim Form is fraudulent;

    d.     The Claim Form is duplicative of another Claim Form;

    e.     The Claimant is not a Settlement Class member;

    f.     The Claimant submitted a valid request to opt-out of the Settlement Class.

    g.     The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

    h.     Failure to submit a Claim Form by the Claim Form Deadline; and/or

    i.     The Claim Form otherwise does not comply with this Settlement.

90.     The Settlement Administrator's reduction or denial of a Claim is final, subject to the following dispute resolution procedures:

    a.     The Settlement Administrator shall have 30 days from the Claim Form Deadline to approve or reject Claims.

    b.     A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this paragraph.

    c.     If a Claim is rejected, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. Class Counsel and Defendant's Counsel shall be provided with copies of all such notifications to Claimants.

21

d.      The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding.

91.     The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or Defendant's Counsel. Additionally, Class Counsel and Defendant's Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

92.     The Settlement Administrator must submit an invoice to Defendant for payment of all Valid Claims within 30 days of the Effective Date or as soon as all Claim deficiencies are resolved via the process set forth herein. Defendant shall pay or cause to be paid to the Settlement Administrator the invoiced amount of all Valid Claims within 10 days of the invoice.

93.     No later than 60 days of the Effective date, the Settlement Administrator shall: (a) distribute Cash Payments; and (b) ensure Credit Monitoring activation codes are emailed to Settlement Class Members.

94.     Cash Payments to Settlement Class Members will be made by electronic payment or by paper check. Settlement Class Members will select their preferred method of payment on the Claim Form, with the option to select from alternative forms of electronic payment or paper check. Paper checks must be negotiated within 120 days of issuance. In the event of any complications arising in connection with the issuance of an electronic payment, the Settlement Administrator shall provide written notice to Class Counsel and Defendant's Counsel. Absent specific instructions from Class Counsel and Defendant's Counsel, the Settlement Administrator shall proceed to resolve the dispute using its best practices and procedures to ensure that the funds are

22

fairly and properly distributed to the person or persons who are entitled to receive them, which may include issuing a paper check to the Claimant. In the event the Settlement Administrator is unable to distribute funds to the person or persons entitled to receive them due to incorrect or incomplete information provided to the Settlement Administrator, the funds shall revert to Defendant, and the Settlement Class Member shall forfeit their right to the funds.

95.    No person or entity shall have any claim against Defendant, Defendant's Counsel, Plaintiffs, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

## IX.    **Final Approval Order and Final Judgment**

96.    Plaintiffs shall file their Motion for Final Approval of the Settlement, inclusive of the Application for Attorneys' Fees, Costs, and Service Awards, no later than 45 days before the initial date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and Application for Attorneys' Fees, Costs and Service Awards. In the Court's discretion, the Court will also hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Application for Attorneys' Fees, Costs, and Service Awards, provided the objectors submitted timely objections that meet all of the requirements listed in this Agreement.

97.    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and final judgment thereon, and whether to grant the Application for Attorneys' Fees, Costs, and Service Awards. Such proposed Final Approval Order shall, among other things:

      a.    Determine that the Settlement is fair, adequate and reasonable;

      b.    Finally certify the Settlement Class for settlement purposes only;

c.  Determine that the Notice Program satisfies Due Process requirements;

d.  Bar and enjoin all Releasing Parties from asserting or otherwise pursuing any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

e.  Release Defendant and the other Released Parties from the Released Claims; and

f.  Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendant, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## X.    Service Awards, Attorneys' Fees, and Costs

98.  ***Service Awards -*** Class Counsel, on behalf of the Class Representatives, may seek Service Awards of up to $2,500.00 each, subject to Court approval. The Service Awards shall be payable separate from the Settlement Class Member Benefits. Defendant shall pay or cause to be paid the Court-approved Service Awards by check or wire transfer to an account designated by Class Counsel within five days of the Effective Date.

99.  ***Attorneys' Fees and Costs -*** Class Counsel shall apply to the Court for an award of attorneys' fees and costs of $217,000.00, to be paid by or on behalf of Defendant separate from Defendant's obligation to pay Settlement Administration Costs and the Settlement Class Member Benefits to Settlement Class Members. Defendant shall pay or cause to be paid the Court-approved attorneys' fees and cost award by check or wire transfer to an account designated by Class Counsel within five days of the Effective Date.

24

100.    This Settlement is not contingent on approval of the request for attorneys' fees and costs or Service Awards, and if the Court denies the request or grants amounts less than what was requested, the remaining provisions of the Agreement shall remain in force. The provisions for attorneys' fees and costs and the Service Awards were not negotiated until after all material terms of the Settlement.

## XI.    Releases

101.    Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims, including but not limited to any state law or common law claims arising out of or relating to the Data Incident that the Releasing Parties may have or had, such as under California's Consumer Privacy Act, California Civil Code section 1798.100, *et seq*. and/or California's Unfair Competition Law, California Civil Code section 17200 *et seq*. Each Party expressly waives all rights under California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, against any of the Released Parties based on any of the Released

25

Claims.

102.    Settlement Class Members who opt-out of the Settlement prior to the Opt-Out Deadline do not release their individual claims and will not obtain any benefits, including any Settlement Class Member Benefit, under the Settlement.

103.    Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting any Released Claim against the Released Parties, whether on behalf of Plaintiffs, any Settlement Class Member or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

## XII.    Termination of Settlement

104.    This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

  a.    Court approval of the Settlement consideration and releases set forth herein;

  b.    The Court has entered the Preliminary Approval Order;

  c.    The Court has entered the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of Final Approval; and

  d.    The Effective Date has occurred.

105.    If any of the conditions specified in the preceding paragraph are not met, or if the Court otherwise imposes any modification to or condition to approval of the Settlement to which the Parties do not consent, then this Agreement shall be cancelled and terminated.

106.    In the event this Agreement is terminated or fails to become effective, then the

26

Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the Parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

## XIII.   Effect of Termination

107.    The grounds upon which this Agreement may be terminated are set forth in Section XII. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, Defendant's, and Defendant's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

108.    In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XIV.   No Admission of Liability

109.    This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law. Defendant has denied and continues to deny each of the claims and

contentions alleged in the Complaint. Defendant specifically denies that a class could or should be certified in the Action for litigation purposes. Defendant does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Defendant has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

110.    Class Counsel believe the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel have investigated the facts and law relevant to the merits of the claims, conducted informal discovery, and conducted an independent investigation of the alleged claims. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

111.    This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any Party of any fault, liability, or wrongdoing of any kind whatsoever.

112.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be

28

used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

113.    In addition to any other defenses Defendant or the Released Parties may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XV.    Miscellaneous Provisions

114.    ***Gender and Plurals***. As used in this Agreement, the masculine, feminine or gender neutral, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

115.    ***Binding Effect***. This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

116.    ***Cooperation of Parties***. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

117.    ***Obligation to Meet and Confer***. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in an attempt to resolve the dispute.

118.    ***Integration and No Reliance***. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or

warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party, except as provided for herein.

119. *No Conflict Intended*. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

120. *Governing Law*. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the state of Colorado, without regard to the principles thereof regarding choice of law.

121. *Counterparts*. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of a PDF shall be deemed an original.

122. *Jurisdiction*. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

123.    *Notices*. All notices provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

If to Plaintiffs or Class Counsel:

Jeff Ostrow
**Kopelowitz Ostrow P.A.**
1 West Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
ostrow@kolawyers.com

Raina Borrelli
**Strauss Borrelli PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
raina@straussborrelli.com

Leigh S. Montgomery
**EKSM, LLP**
4200 Montrose Blvd., Suite 200
Houston, Texas 77006
lmontgomery@eksm.com

Gary E. Mason
**Mason LLP**
5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015
gmason@masonllp.com

Gary M. Klinger
**Milberg, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
gklinger@milberg.com

If to Defendant or Defendant's Counsel:

Carolyn Purwin Ryan
**Mullen Coughlin LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
cpurwinryan@mullen.law

31

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

124.    ***Modification and Amendment.*** This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defendant's Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

125.    ***No Waiver***. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

126.    ***Authority***. Class Counsel (for the Plaintiffs and the Settlement Class Members), and Defendant's Counsel, represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and Defendant respectively to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

127.    ***Agreement Mutually Prepared***. Neither Plaintiffs nor Defendant shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

128.    ***Independent Investigation and Decision to Settle***. The Parties understand and acknowledge they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in

addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge they reviewed and analyzed data that they and their experts used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

129.    ***Receipt of Advice of Counsel***. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

*Signature Page to Follow*

**CLASS COUNSEL** (on behalf of Plaintiffs and the Settlement Class)

_Jeffrey Ostrow_
_____
JEFF OSTROW
**KOPELOWITZ OSTROW P.A.**

_Raina Borrelli_
_____
RAINA BORRELLI
**STRAUSS BORRELLI PLLC**

_____
LEIGH S. MONTGOMERY
**EKSM, LLP**

_Gary E. Mason_
_____
GARY E. MASON
**MASON LLP**

_____
GARY M. KLINGER
**MILBERG, PLLC**

**YES COMMUNITIES, LLC**

_____
By: _____
Its _____

**COUNSEL FOR YES COMMUNITIES, LLC**

_____
CAROLYN PURWIN RYAN
**MULLEN COUGHLIN LLC**

34

**CLASS COUNSEL** (on behalf of Plaintiffs and the Settlement Class)

JEFF OSTROW
**KOPELOWITZ OSTROW P.A.**

RAINA BORRELLI
**STRAUSS BORRELLI PLLC**

LEIGH S. MONTGOMERY
**EKSM, LLP**

GARY E. MASON
**MASON LLP**

GARY M. KLINGER
**MILBERG, PLLC**

**YES COMMUNITIES, LLC**

By: JULIE ELKINS
Its AUTHORIZED PERSON

**COUNSEL FOR YES COMMUNITIES, LLC**

CAROLYN PURWIN RYAN
**MULLEN COUGHLIN LLC**

34

— **EXHIBIT 1** —

YES Communities Data Incident
c/o Analytics Consulting LLC
P.O. Box 2002
Chanhassen MN 55317-2002

**O'Leary v YES Communities, LLC**
Case No. 1:25-cv-692-PAB-NRN

**IF YOUR PRIVATE INFORMATION MAY HAVE
BEEN IMPACTED IN A DATA INCIDENT
SUFFERED BY <u>YES COMMUNITIES, LLC,</u> A
PROPOSED CLASS ACTION SETTLEMENT MAY
AFFECT YOUR RIGHTS.**

For more information about the proposed class
action settlement, including how to submit a
claim, exclude yourself, or submit an objection,
please visit **[WEBSITE]**
or call toll-free **[PHONE NUMBER]**

*A court has authorized this Notice.*

*This is <u>not</u> a solicitation from a lawyer.*
*You are <u>not</u> being sued.*

First-Class
Mail
US Postage
Paid
Permit #__

«Barcode»
Postal Service: Please do not mark barcode

Claim Number: XXX- «PIN » - «MailRec»
«First1» «Last1»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

**Why am I receiving this notice?** A Settlement has been reached in a class action lawsuit against YES Communities, LLC ("YES Communities") concerning a data incident on or about December 11, 2024, in which it experienced a ransomware attack that resulted in unauthorized access to its systems and theft of unencrypted Private Information. YES Communities denies that it did anything wrong, and the Court has not decided who is right. The parties have agreed to settle the Action to avoid the risks, disruption, and uncertainties of continued litigation. A copy of the Settlement is available at **[website]**.

**Who is included in the Settlement?** You are included in the Settlement Class if you have been identified as a living individual in the United States who was sent notice by Defendant that ~~their~~ your Private Information was impacted in the Data Incident.

**What are the Settlement benefits?** All Class Members may elect to receive three (3) years of ~~one bureau of~~ credit monitoring ~~offered~~ through IDX for one credit bureau, cash compensation up to $2,500 for documented losses, cash payment of $20.00 per hour for up to four (4) hours spent resolving issues related to the Data Incident, or $50.00 cash compensation as the alternative to the other cash payments.

**How do I receive a benefit?** Class Members may submit Claim Forms at **[website]** using the Claim Number and PIN found at the front of this postcard, or download a paper Claim Form from the website and mail it to the Claims Administrator at the address on the Claim Form. **Claims must be submitted online or postmarked by [claims deadline].**

**Who represents me?** The Court has appointed Kopelowitz Ostrow P.A., Strauss Borrelli PLLC, EKSM LLP, Mason LLP, AND Milberg PLLC to represent you.

**What if I don't want to participate in the Settlement?** If you do not want to be legally bound by the Settlement, you must exclude yourself by **[exclusion deadline]** or you will not be able to sue YES Communities for the claims made in *this* lawsuit. If you exclude yourself, you cannot get benefits from this Settlement. If you want to object to the Settlement, you may file an objection by **[objection deadline].** The Settlement Agreement, available on the Settlement website at **[website]** explains how to exclude yourself or object.

**When will the Court decide whether to approve the Settlement?** The Court will hold a hearing in this case on **[date] at [time]** at [**location**] to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for $217,000.00 to cover attorneys' fees and costs of litigation as well as a $2,500.00 service award to the named Plaintiffs. You may attend the hearing at your own cost, but you do not have to.

**THIS NOTICE IS ONLY A SUMMARY. VISIT [website]
OR SCAN THIS QR CODE FOR COMPLETE INFORMATION.**

— **EXHIBIT  2** —

## <u>NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT</u>

**If YES Communities, LLC Notified You Of A Data Incident, You May Be Eligible For Benefits From A Class Action Settlement.**

*This is <u>not</u> a solicitation from a lawyer, junk mail, or an advertisement.*
*A court authorized this Notice.*

This notice summarizes the proposed settlement reached in a lawsuit entitled *O'Leary v. YES Communities, LLC,* Case No. 1:25-cv-692 pending in the United States District Court for the District of Colorado ("Action"). For the precise terms and conditions of the settlement, please see the Settlement Agreement available at **[Website]** or by contacting the Claims Administrator at **[phone number].**

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

**This Notice explains the nature of the lawsuit and claims being settled, your legal rights, and the benefits to the Settlement Class.**

**This notice may affect your rights – please read it carefully.**

- A Settlement has been reached in the class action lawsuit against YES Communities, LLC ("YES Communities") concerning a data incident that occurred between December 9 and 11, 2024, in which YES Communities experienced a system breach during which hackers targeted and accessed Defendant's network systems, some of which contained Private Information. YES Communities does not in any way acknowledge, admit to, or concede any of the allegations made in any of the complaints or in the Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint.

- If you received this Notice, you have been identified as a part of the Settlement Class. More specifically, you are a part of the Settlement Class because you have been identified as a living individual in the United States or its territories, who was sent notice by Defendant that ~~their~~ your Private Information was impacted in the Data Incident. Some limited exclusions apply and can be found in the Settlement Agreement available at **[Website]** and in Section 1 below.

- All Settlement Class Members can receive the following benefits from the Settlement: (a) Cash Payment A – Documented losses: up to $2,500 cash compensation for documented losses, (b) Cash Payment B – Lost Time: cash payment of $20.00 per hour for up to four (4) hours of time spent resolving issues related to the Data Incident, or (c) Cash Payment C – Alternate Cash: $50.00 cash compensation as the alternative to Cash Payment A and Cash Payment B.

- In addition to a Cash Payment, all Settlement Class Members may elect to receive three (3) years of ~~one bureau of~~ credit monitoring ~~provided~~ through IDX for one credit bureau. This shall be available to any Settlement Class Member regardless of whether they previously received a credit monitoring product related to the Data Incident or otherwise.

- **The deadline to submit a claim is [claims deadline ].**

| YOUR LEGAL RIGHTS & OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim** | **You must submit a valid Claim to get monetary relief or credit monitoring from this Settlement.**<br><br>Claim Forms must be submitted online by **[claims deadline]** or, if mailed, postmarked no later than **[claims deadline].** |
| **Do Nothing** | If you do nothing, you remain in the Settlement.<br><br>You give up your rights to sue and you will not get any money. |
| **Exclude Yourself** | **Get out of the Settlement. Get no money. Keep your rights.**<br><br>This is the only option that allows you to keep your right to sue about the claims in this Lawsuit. You will not get any money or credit monitoring from the Settlement.<br><br>Your request to exclude yourself must be postmarked no later than **[exclusion deadline].** |
| **File an Objection** | Stay in the Settlement, but tell the Court why you think the Settlement should not be approved.<br><br>Objections must be postmarked no later than **[objection deadline]**. |
| **Go to a Hearing** | You can ask to speak in Court about the fairness of the Settlement, at your own expense. *See* Question 18 for more details.<br><br>The Final Approval Hearing is scheduled for [final approval date], at [time], and will be held [location/via zoom]. |

## WHAT THIS NOTICE CONTAINS

**Basic Information** ............................................................................................................................ **Pages 4-5**

1.  How do I know if I am affected by the Lawsuit and Settlement?
2.  What is this case about?
3.  Why is there a Settlement?
4.  Why is this a class action?
5.  How do I know if I am included in the Settlement?

**The Settlement Benefits**.................................................................................................................. **Pages 5-6**

6.  What does this Settlement provide?
7.  How to submit a Claim?
8.  What am I giving up as part of the Settlement?
9.  Will the Class Representatives receive compensation?

**Exclude Yourself**................................................................................................................................**Page 6-7**

10.  How do I exclude myself from the Settlement?
11.  If I do not exclude myself, can I sue later?
12.  What happens if I do nothing at all?

**The Lawyers Representing You** ......................................................................................................... **Page 7**

13.  Do I have a lawyer in the case?
14.  How will the lawyers be paid?

**Objecting to the Settlement**...............................................................................................................**Page 7-8**

15.  How do I tell the Court that I do not like the Settlement?
16.  What is the difference between objecting and asking to be excluded?

**The Final Approval Hearing**..............................................................................................................**Page 8-9**

17.  When and where will the Court decide whether to approve the Settlement?
18.  Do I have to come to the hearing?
19.  May I speak at the hearing?

**Do Nothing** ....................................................................................................................................... **Page 9**

20.  What happens if I do nothing?

**Get More Information** .......................................................................................................................**Page 9**

21.  How do I get more information about the Settlement?

## BASIC INFORMATION

### 1.  How do I know if I am affected by the Lawsuit and Settlement?

You are a part of the Settlement Class if you have been identified as a living individual in the United States who was sent notice by Defendant that ~~their~~ your Private Information was impacted in the Data Incident.

The Settlement Class excludes: (a) all persons who are directors and officers of Defendant; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

This Notice explains the nature of the lawsuit and claims being settled, your legal rights, and the benefits to the Settlement Class.

### 2.  What is this case about?

This case is known as *O'Leary v. YES Communities, LLC*, Case No. No. 1:25-cv-692, pending in the United States District Court for the District of Colorado. The persons who sued is called the "Plaintiff," and the company they sued, YES Communities, LLC, is known as the "Defendant" in this case.

Plaintiffs filed the Lawsuit against Defendant, on behalf of themselves and anyone whose Private Information was potentially impacted as a result of the Data Incident.

On or about December 11, 2024, Defendant became aware of anomalous activity within its computer network, which involved certain files being encrypted by ransomware. With the assistance of a third-party forensic specialist engaged through counsel, a forensic investigation was conducted, which determined that between December 9 and 11, 2024, Defendant experienced a ransomware attack that resulted in unauthorized access to its systems and theft of unencrypted Private Information belonging to 10,675 individuals located in the United States or its territories. That information includes name, Social Security number, driver's license number, passport number, state ID card number, financial and credit/debit account information, visa/work eligibility documentation, employee identification number/tax ID number, non-US national identification number, and date of birth. On or about February 24, 2025, Defendant began sending notification letters to impacted individuals. This Lawsuit was subsequently filed asserting claims against Defendant relating to this Data Incident. Defendant denies any wrongdoing.

### 3.  Why is there a Settlement?

By agreeing to settle, both sides avoid the cost, disruption, and distraction of further litigation. The Plaintiffs, Defendant, and their attorneys believe the proposed Settlement is fair, reasonable, and adequate and, thus, in the best interests for Settlement Class Members. The Court did not decide in favor of the Plaintiffs or Defendant. Full details about the proposed Settlement are found in the Settlement Agreement available at **[Website].**

### 4.  Why is this a class action?

In a class action, one or more people called a "Class Representative" sue on behalf of all people who have similar claims. All of these people together are the "Settlement Class" or "Settlement Class Members."

### 5.  How do I know if I am included in the Settlement?

You are included in the Settlement Class if you have been identified as a living individual in the United States or its territories, who was sent notice by Defendant that ~~their~~ your Private Information was impacted in the Data Incident. Some limited exclusions apply and can be found in the Settlement Agreement available at **[Website]** and in Section 1 above. If you are not sure whether you are included as a Settlement Class Member, or have any other questions about the Settlement, visit **[Website]**, call toll-free at **[phone number],** or write to YES Communities Data Incident, c/o Analytics Consulting LLC, P.O. Box 2002, Chanhassen, MN 55317-2002.

## THE  SETTLEMENT  BENEFITS

| 6. | What does this Settlement provide? |
|---|---|

The proposed Settlement will provide the following benefits to Settlement Class Members:

**Cash Payment A – Documented Loss:** All Settlement Class Members are eligible to submit a claim for up to $2,500.00 per Settlement Class Member upon presentment of reasonable documentation of losses related to fraud and/or identity theft as a result of the Data Incident. Documented expenses include, by way of example, unreimbursed losses relating to fraud or identity theft: if (i) the loss is an actual, documented, and unreimbursed monetary loss; (ii) the loss was more likely than not caused by the Data Incident; and (iii) the loss was incurred after the date of the Data Incident. To receive payment for documented losses, a Settlement Class Member must complete and submit a Claim Form and include documentation in support of the Claim. Except as expressly provided herein, personal certifications, declarations, or affidavits from the Settlement Class Member do not constitute proper documentation, but may be included to provide clarification, context, or support for other submitted reasonable documentation. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with any credit monitoring and identity theft protection product.

**Cash Payment B – Lost Time:** Settlement Class Members who spent time remedying issues related to the Data Incident may receive reimbursement in the amount of $20.00 per hour for up to four hours of time (for a total of $80.00). Settlement Class Members must attest to the amount of time spent. If a Settlement Class Member fails to identify how many hours of time spent on the Claim Form, the Settlement Administrator may interpret such a Claim as a submission for one hour of time.

**Cash Payment C – Alternate Cash:** As an alternative to Cash Payment A – Documented Losses and Cash Payment B – Lost Time, all Settlement Class Members may elect to receive Cash Payment C - Alternate Cash which is a cash payment in the amount of $50.00. There is no documentation required to claim this benefit.

**Credit Monitoring**: In addition to a Cash Payment, all Settlement Class Members may elect to receive three (3) years of ~~one bureau of~~ credit monitoring ~~provided~~ through IDX for one credit bureau. This shall be available to any Settlement Class Member regardless of whether they previously received a credit monitoring product related to the Data Incident or otherwise.

**Note:** Defendant shall be solely responsible for the payment of all Settlement Administration Costs. The Settlement Administrator and Defendant will enter into a separate agreement related to the payment of the Settlement Administration Costs.

| 7. | How to submit a claim? |
|---|---|

All claims will be reviewed by the Claims Administrator for completeness and plausibility. You must file a Claim Form to receive benefits from the proposed Settlement. Claim Forms must be submitted online by **[claims deadline]** or postmarked no later than **[claims deadline]**. You can submit an online claim or download a Claim Form at **[Website]**, or you can call the Claims Administrator toll-free at **[phone number]** for a Claim Form.

| 8. | What am I giving up as part of the Settlement? |
|---|---|

If you stay in the Settlement Class, you will be eligible to receive benefits, but you will not be able to sue YES Communities, LLC, and each entity which is controlled by, controlling or under common control with Defendant and their respective past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, insurers, reinsurers, divisions, officers, directors, shareholders, members, agents, servants, employees, partners, predecessors, successors, managers, administrators, executors, and trustees (collectively "Released Parties") regarding the claims in this case.

The Settlement Agreement, which includes all provisions and definitions about settled claims, releases, and Released Parties, is available at **[Website].**

The only way to keep the right to sue is to exclude yourself (*see* Question 10), otherwise you will be included in the Settlement Class, and, if the Settlement is approved, you give up the right to sue for the claims in this case.

## 9. Will the Class Representative receive compensation?

Yes. Class Counsel, on behalf of the Class Representatives, will seek service awards of up to $2,500 each, to compensate them for their services and efforts in bringing the Lawsuit. The Court will make the final decision as to the amount, if any, to be paid to the Class Representatives.

## EXCLUDE YOURSELF

## 10. How do I exclude myself from the Settlement?

If you do not want to be included in the Settlement, you must send a timely written request for exclusion. The exclusion request must be personally signed by the Settlement Class Member and contain the requestor's name, address, telephone number, and email address, and include a statement indicating a request to be excluded from the Settlement. Mass or Class opt-outs by an attorney or other representative of a group of Settlement Class Members will not be accepted. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid Claim.

Your written request for exclusion must be postmarked no later than **[exclusion deadline]** and mailed to:

YES Communities LLC Data Incident,
c/o Analytics Consulting LLC,
P.O. Box 2002,
Chanhassen, MN 55317-2002

If you exclude yourself, you will not be able to receive any cash benefit or credit monitoring from the Settlement, and you cannot object to the Settlement at the Final Approval Hearing. You will not be legally bound by anything that happens in the Lawsuit, and you will keep your right to sue Defendant on your own for the claims that this Settlement resolves.

## 11. If I do not exclude myself, can I sue later?

No. If you do not exclude yourself from the Settlement, and the Settlement is approved by the Court, you forever give up the right to sue the Released Parties (listed in Question 8) for the claims this Settlement resolves.

## 12. What happens if I do nothing at all?

If you do nothing, you will be bound by the Settlement if the Court approves it, you will not get any money or credit monitoring services from the Settlement, you will not be able to start or proceed with a lawsuit, or be part of any other lawsuit against the Released Parties (listed in Question 8) about the settled claims in this case at any time.

## THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in the case?

Yes. The Court has appointed Kopelowitz Ostrow P.A., Strauss Borrelli PLLC, Eksm LLP, Mason LLP, and Milberg PLLC. (called "Class Counsel") to represent the interests of all Settlement Class Members in this case. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 14. How will the lawyers be paid?

Class Counsel will apply to the Court for an award of combined attorneys' fees, costs, and expenses in an amount not to exceed $217,000. A copy of Class Counsel's Motion for Attorneys' Fees, Costs, Expenses, and Service Award for Class Representative will be posted on the Settlement Website, **[Website]**, before the Final Approval Hearing. The Court will make the final decisions as to the amounts to be paid to Class Counsel and may award less than the amount requested by Class Counsel.

## OBJECTING TO THE SETTLEMENT

**15.  How do I tell the Court that I do not like the Settlement?**

If you want to tell the Court that you do not agree with the proposed Settlement or some part of it, you must file an objection with the Court telling it why you do not think the Settlement should be approved.

For a written objection to be considered by the Court, the objection must also set forth:

a)  the objector's full name, mailing address, telephone number, and email address (if any);

~~b)~~  all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

~~c)  the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;~~

~~d)  the identity of all counsel (if any) who represent the objector, including any former or current counsel who may claim an entitlement to compensation for any reason related to the objection to the Settlement and/or Motion for Attorneys' Fees, Costs, and Service Awards);~~

~~e)  the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;~~

~~f)  the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;~~

~~g)~~b)    a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

~~h)~~c)a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

~~i)~~d) the objector's signature (an attorney's signature is not sufficient).

7

Your Objection must be filed with, or mailed to, the Clerk of the Court no later than **[objection deadline].**

**United States District Court for the District of Colorado**
**Alfred A. Arraj Courthouse**
**901 19th Street Denver, CO 80294**

In addition, you must concurrently mail or hand deliver a copy of your objection to Class Counsel, Defendant's Counsel, and the Settlement Administrator at the addresses below, postmarked no later than **[objection deadline].**

| CLASS COUNSEL | DEFENDANT'S COUNSEL | SETTLEMENT ADMINISTRATOR |
|---|---|---|
| Jeff Ostrow **Kopelowitz Ostrow P.A.** 1 West Las Olas Blvd., Ste. 500 Fort Lauderdale, FL 33301 ostrow@kolawyers.com  Raina Borrelli **Strauss Borrelli PLLC** One Magnificent Mile 980 N Michigan Avenue, Suite 1610 Chicago IL, 60611 raina@straussborrelli.com  Leigh S. Montgomery **EKSM, LLP** 4200 Montrose Blvd., Suite 200 Houston, Texas 77006 lmontgomery@eksm.com  Gary E. Mason **Mason LLP** 5335 Wisconsin Avenue, NW, Suite 640 Washington, DC 20015 gmason@masonllp.com  Gary M. Klinger **Milberg, PLLC** 227 W. Monroe Street, Suite 2100 Chicago, IL 60606 gklinger@milberg.com | Carolyn Purwin Ryan **Mullen Coughlin LLC** 426 W. Lancaster Avenue, Suite 200 Devon, PA 19333 cpurwinryan@mullen.law | YES Communities LLC Data Incident c/o Analytics Consulting LLC, P.O. Box 2002, Chanhassen, MN 55317-2002 |

If you do not submit your objection with all requirements, or if your objection is not received by **[objection date],** you will be considered to have waived all Objections and will not be entitled to speak at the Final Approval Hearing.

## 16.  What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in

the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## THE  FINAL APPROVAL  HEARING

### 17.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on **[final approval date], at [time]** at **[location/zoom].** The hearing may be moved to a different date, time, or location without additional notice, so it is recommended that you periodically check **[Website]** for updated information.

At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, adequate, and is in the best interests of Settlement Class Members, and if it should be finally approved. If there are valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if the request was made properly. The Court will also consider the award of attorneys' fees, costs, and expenses to Class Counsel and the request for a Service Award to the Class Representatives.

### 18.  Do I have to come to the hearing?

No. You are not required to come to the Final Approval Hearing. However, you are welcome to attend the hearing at your own expense.

If you submit an Objection, you do not have to come to the hearing to talk about it. If your objection was submitted properly and on time, the Court will consider it. You also may pay your own lawyer to attend the Final Approval Hearing, but that is not necessary. However, you must follow the requirements for making objections in Question 15, including the requirements for making appearances at the hearing.

### 19.  May I speak at the hearing?

Yes. You can speak at the Final Approval Hearing, but you must ask the Court for permission.  To request permission to speak, you must file an objection according to the instructions in Question 15, including all the information required for you to make an appearance at the hearing. You cannot speak at the hearing if you exclude yourself from the Settlement.

## DO  NOTHING

### 20.  What happens if I do nothing?

If you do nothing, you will not get any money from the Settlement, you will not be able to sue for the claims in this case, and you release the claims against Defendants and the Released Parties described in Question No. 8.

## GET  MORE  INFORMATION

### 21.  How do I get more information about the Settlement?

This is only a summary of the proposed Settlement.  If you want additional information about this lawsuit, including a copy of the Settlement Agreement, the Complaint, the Court's Preliminary Approval Order, Class Counsel's Motion for Attorneys' Fees, Costs, Expenses, and Service Award for Class Representative, and more, please visit **[website]** or call **[phone number].** You may also contact the Claims Administrator at:

YES Communities LLC Data Incident,

c/o Analytics Consulting LLC,

P.O. Box 2002,

Chanhassen, MN 55317-2002

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, DEFENDANT, OR DEFENDANT'S COUNSEL.**

— **EXHIBIT  3** —

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**
<mark>MONTH DD, 2026</mark>

</td><td>

**CLAIM FORM FOR YES COMMUNITIES, LLC DATA INCIDENT SETTLEMENT**

*O'Leary v YES Communities, LLC*
Case No.  1:25-cv-692-PAB-NRN
United Stated District Court for the District of Colorado

</td><td>

**YES Communities Data Incident**

</td></tr>
</table>

**USE THIS FORM <u>ONLY IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS</u> TO MAKE A CLAIM FOR COMPENSATION FOR UNREIMBURSED LOSSES**

**<u>GENERAL INSTRUCTIONS</u>**

If you received Notice of this Settlement, you have been identified as a living individual in the United States who was sent notice by Defendant that ~~their~~ your Private Information was impacted in the Data Incident.

Please refer to the Settlement Notice (Long Notice) posted on the Settlement Website <mark>\<\<Website>></mark>, for more information on submitting a Claim.

**<u>To receive any benefits, you must submit the Claim Form below by <mark>\<\<DATE>>.</mark></u>**

**Cash Payment A – Documented Loss:** All Settlement Class Members are eligible to submit a claim for up to $2,500.00 per Settlement Class Member upon presentment of reasonable documentation of losses related to fraud and/or identity theft as a result of the Data Incident. Documented expenses include, by way of example, unreimbursed losses relating to fraud or identity theft: if (i) the loss is an actual, documented, and unreimbursed monetary loss; (ii) the loss was more likely than not caused by the Data Incident; and (iii) the loss was incurred after the date of the Data Incident. To receive payment for documented losses, a Settlement Class Member must complete and submit a Claim Form and include documentation in support of the Claim. Except as expressly provided herein, personal certifications, declarations, or affidavits from the Settlement Class Member do not constitute proper documentation, but may be included to provide clarification, context, or support for other submitted reasonable documentation. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with any credit monitoring and identity theft protection product.

**Cash Payment B – Lost Time:** Settlement Class Members who spent time remedying issues related to the Data Incident may receive reimbursement in the amount of $20.00 per hour for up to four hours of time (for a total of $80.00). Settlement Class Members must attest to the amount of time spent. If a Settlement Class Member fails to identify how many hours of time spent on the Claim Form, the Settlement Administrator may interpret such a Claim as a submission for one hour of time.

**Cash Payment C – Alternate Cash:** As an alternative to Cash Payment A – Documented Losses and Cash Payment B – Lost Time, all Settlement Class Members may elect to receive Cash Payment C - Alternate Cash which is a cash payment in the amount of $50.00. There is no documentation required to claim this benefit.

**Credit Monitoring**: In addition to a Cash Payment, all Settlement Class Members may elect to receive three (3) years of ~~one bureau of~~ credit monitoring through IDX for one credit bureau. This shall be available to any Settlement Class Member regardless of whether they previously received a credit monitoring product related to the Data Incident or otherwise.

Please read the claim form carefully and answer all questions. Failure to provide required information could result in a denial of your claim.

**Questions? Go to <mark>URL</mark> or call 1-<mark>XXX-XXX-XXXX</mark>.**

## CLAIM FORM FOR YES COMMUNITIES, LLC DATA INCIDENT SETTLEMENT

**Your claim must be submitted online or postmarked by:
MONTH DD, 2026**

**YES Communities Data Incident**

*O'Leary v YES Communities, LLC*
Case No.  1:25-cv-692-PAB-NRN
United Stated District Court for the District of Colorado

This Claim Form may be submitted electronically via the Settlement Website at **URL** or completed and mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

YES Communities Data Incident
c/o Analytics Consulting LLC
PO Box 2002
Chanhassen MN 55317-2002

---

### I.  CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Claims Administrator if your contact information changes after you submit this form.

**First Name**                                    **Last Name**

**Street Address**

**City**                          **State**                          **Zip Code**

**Email Address (optional)**

**Telephone Number**

---

### II.  PROOF OF CLASS MEMBERSHIP

☐        Check this box to certify that you were a person to whom YES Communities, LLC mailed notice of the Settlement.

Enter the Claim Number and PIN provided on your Postcard Notice:

**Claim Number**

**Questions? Go to URL or call 1-XXX-XXX-XXXX.**

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**
<mark>MONTH DD, 2026</mark>

</td><td>

**CLAIM FORM FOR YES COMMUNITIES, LLC DATA INCIDENT SETTLEMENT**

*O'Leary v YES Communities, LLC*
Case No.  1:25-cv-692-PAB-NRN
United Stated District Court for the District of Colorado

</td><td>

**YES Communities Data Incident**

</td></tr>
</table>

**PIN**

## III.  CREDIT MONITORING

☐  Check this box if you wish to receive three (3) years of ~~one bureau of~~ credit monitoring ~~offered~~ through IDX for one credit bureau.

## IV. CASH PAYMENT A - DOCUMENTED LOSSES

All Settlement Class Members are eligible to submit a claim for up to $2,500.00 per Settlement Class Member upon presentment of reasonable documentation of losses related to fraud and/or identity theft as a result of the Data Incident. Documented expenses include, by way of example, unreimbursed losses relating to fraud or identity theft: if (i) the loss is an actual, documented, and unreimbursed monetary loss; (ii) the loss was more likely than not caused by the Data Incident; and (iii) the loss was incurred after the date of the Data Incident. To receive payment for documented losses, a Settlement Class Member must complete and submit a Claim Form and include documentation in support of the Claim. Except as expressly provided herein, personal certifications, declarations, or affidavits from the Settlement Class Member do not constitute proper documentation, but may be included to provide clarification, context, or support for other submitted reasonable documentation. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with any credit monitoring and identity theft protection product.

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| ◯  losses related to fraud and/or identity theft as a result of the Data Incident | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |
| Provide a written description of your documented loss expenses: | | |
| | | |
| | | |
| | | |
| | | |
| Provide a written explanation of your actual, documented identity theft and/or fraud, why it was more likely than not caused by the Data Incident, and your reasonable efforts to avoid, or seek reimbursement for, the loss: | | |
| | | |
| | | |
| | | |

**Questions? Go to <mark>URL</mark> or call 1-<mark>XXX-XXX-XXXX</mark>.**

<table>
<tr><td><strong>Your claim must be submitted online or <u>postmarked by</u>: MONTH DD, 2026</strong></td><td><strong><u>CLAIM FORM FOR YES COMMUNITIES, LLC DATA INCIDENT SETTLEMENT</u></strong><br><br><em>O'Leary v YES Communities, LLC</em><br>Case No.  1:25-cv-692-PAB-NRN<br>United Stated District Court for the District of Colorado</td><td><strong>YES Communities Data Incident</strong></td></tr>
</table>

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**YOU MUST SUBMIT DOCUMENTATION OF THE FRAUD AND/OR IDENTITY THEFT AND YOUR DOCUMENTED LOSS EXPENSES.**

**Examples of Supporting Documentation of Loss:** *Bank statements, credit card statements, letters from the IRS or other tax authorities, letters from state unemployment agencies, and police reports.*

## V.  CASH PAYMENT B - LOST TIME

Settlement Class Members who spent time remedying issues related to the Data Incident may receive reimbursement in the amount of $20.00 per hour for up to four hours of time (for a total of $80.00).

Hours claimed (up to 4 hours – check one box)        □ 1 Hour | □ 2 Hours | □ 3 Hours | □ 4 Hours

◯    I swear under penalty of perjury that, to the best of my knowledge and belief, any claimed lost time was spent related to the Data Incident.

## VI. CASH PAYMENT C - ALTERNATE CASH PAYMENT

☐    Check this box if you wish to receive a cash payment.

As an alternative to Cash Payment A – Documented Losses and Cash Payment B – Lost Time, all Settlement Class Members may elect to receive Cash Payment C - Alternate Cash, which is a cash payment in the amount of $50.00. There is no documentation required to claim this benefit.

You are not entitled to this Alternative Cash Payment if you have made a claim under Sections IV and/or V.

## VIII.  PAYMENT SELECTION

Please select **<u>one</u>** of the following payment options, which will be used should you be eligible to receive a settlement payment:

☐  **PayPal** - Enter your PayPal email address: _____
    Questions? Go to URL or call 1-XXX-XXX-XXXX.

<table>
<tr><td>

**Your claim must be submitted online or <u>postmarked by:</u> <mark>MONTH DD, 2026</mark>**

</td><td>

**CLAIM FORM FOR YES COMMUNITIES, LLC DATA INCIDENT SETTLEMENT**

*O'Leary v YES Communities, LLC*
Case No.  1:25-cv-692-PAB-NRN
United Stated District Court for the District of Colorado

</td><td>

**YES Communities Data Incident**

</td></tr>
</table>

☐ **Venmo -** Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

☐ **Zelle -** Enter the mobile number or email address associated with your Zelle account:

Mobile Number: __ __ __-__ __ __-__ __ __   or Email Address: _____

☐ **Virtual Prepaid Card -** Enter your email address: _____

☐ **Physical Check -** Payment will be mailed to the address provided in Section I. above.

## IX.  ATTESTATION & SIGNATURE

**I declare under penalty of perjury under the laws of the United States and any applicable state or jurisdiction that the information provided in this Claim Form, and any supporting documentation submitted, is true and correct to the best of my knowledge.  I further attest, under penalty of perjury, that any hours I have claimed for Lost Time were in fact spent responding to the Data Incident. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim can be deemed complete and valid.**

| | | |
|---|---|---|
| Signature | Printed Name | Date |

**Questions? Go to <mark>URL</mark> or call 1-<mark>XXX-XXX-XXXX</mark>.**

— **EXHIBIT  4** —

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

MICHELLE O'LEARY, on behalf of herself
and all others similarly situated,

Plaintiff,

v.

YES COMMUNITIES, LLC,

Defendant.

Case No. 25-cv-00692-PAB-NRN

(Consolidated with Case Nos. 25-cv-00698-PAB-NRN, 25-cv-00728-PAB-NRN, 25-cv00819-PAB-NRN, and 25-cv-00937-PAB-NRN)

## PRELIMINARY APPROVAL ORDER

WHEREAS, this Action[1] is a putative class action before this Court;

WHEREAS, Plaintiffs, individually, and on behalf of the proposed Settlement Class, and Defendant, have entered into the Settlement Agreement, which is subject to review and approval by the Court under Federal Rule of Civil Procedure 23, and which, together with its exhibits, provides for a complete dismissal on the merits and with prejudice of the claims asserted in the Action against Defendant should the Court grant Final Approval of the Settlement;

WHEREAS, Plaintiffs filed a Motion for Preliminary Approval requesting entry of an order to: (1) conditionally certify the Settlement Class; (2) appoint the Plaintiffs as Class Representatives; (3) appoint Jeff Ostrow of Kopelowitz Ostrow P.A, Raina Borrelli of Strauss Borrelli PLLC, Leigh S. Montgomery of EKSM, LLP, Gary E. Mason of Mason LLP, and Gary M. Klinger of Milberg, PLLC.as Class Counsel; (4) preliminarily approve the Settlement; (5) approve the Notice Program and Notices and direct that Notice be sent to the Settlement Class members; (6) approve the Claim Form and Claims Process; (7) order the Settlement's opt-out and

---

[1] The capitalized terms herein have the same meanings as those defined in the Agreement, attached to the Motion for Preliminary Approval as Exhibit A.

objection procedures; (8) appoint Analytics Consulting LLC, as the Settlement Administrator; (9) stay all deadlines in the Action pending Final Approval of the Settlement; (10) enjoin and bar all members of the Settlement Class from initiating or continuing in any litigation or asserting any claims against Defendant and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision to grant Final Approval of the Settlement; and (11) set a date for the Final Approval Hearing; and

WHEREAS, the Court, having reviewed the Motion for Preliminary Approval, along with the Agreement and its exhibits, finds that substantial and efficient grounds exist for entering this Preliminary Approval Order granting the relief requested:

IT IS HEREBY ORDERED:

1.    **<u>Settlement Class Certification:</u>** Pursuant to Federal Rules of Civil Procedure Rules 23(a), 23(b)(2) and 23(b)(3), and for purposes of settlement only, the Action is hereby preliminarily certified as a class action on behalf of the following Settlement Class:

> All living individuals in the United States who were sent a notice by Defendant that their Private Information was impacted in the Data Incident.

Excluded from the Settlement Class are all persons who are: (a) all persons who are directors and officers of Defendant; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

2.    Pursuant to Fed. R. Civ. P. 23(e), the terms of the Agreement are preliminarily approved and likely to be approved at the Final Approval Hearing because:

(A) the Class Representatives and Class Counsel have adequately represented the Settlement Class;
(B) the Settlement was negotiated at arm's length;
(C) the relief provided for the Class is adequate, taking into account:
    (i) the costs, risks, and delay of trial and appeal;
    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing Settlement Class Member Claims;
    (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

3.      **Settlement Class Findings:** The Court finds, for purposes of settlement only, and without any adjudication on the merits, that the prerequisites for certifying the Action as a class action under Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3) have been satisfied, and that the Court will likely certify at the Final Approval stage a Settlement Class.

4.      As to Rule 23(a), the Court finds that: (a) the number of Settlement Class members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the proposed Class Representatives are typical of the claims of the Settlement Class; and (d) the proposed Class Representatives and Class Counsel have and will fairly and adequately represent the interests of the Settlement Class.

5.      As to Rule 23(b)(3), the Court finds that questions of law and fact common to the Settlement Class predominate over any questions affecting individual members. Also, a class action is superior to other available methods for fairly and efficiently adjudicating the Action taking into consideration: (i) the lack of evidence of any intent among the Settlement Class members to individually control the prosecution of separate actions; (ii) the Parties are not aware of any litigation concerning the controversy already begun by Settlement Class members other than the proposed Class Representatives; (iii) the small value of the claims of many of the individual Settlement Class members making the pursuit of individual actions cost prohibitive for most Settlement Class members; and (iv) the similarity of the Settlement Class members' claims involving substantially identical proofs. *See* Fed. R. Civ. P. 23(b)(3).

6.      **Appointment of Class Representatives and Class Counsel:** The Court hereby finds and concludes pursuant to Fed. R. Civ. P. 23(a)(4), and for purposes of settlement only, that

3

Plaintiffs are adequate class representatives and appoints them as Class Representatives on behalf of the Settlement Class.

20.    In appointing class counsel, Federal Rule of Civil Procedure 23(g) requires the Court to consider (1) the work counsel have done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action, (3) counsel's knowledge of applicable law, and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider any other matter pertinent to counsel's ability to represent the class. Fed. R. Civ. P. 23(g)(1)(B). The Court finds that proposed Class Counsel and their law firms have expended a reasonable amount of time, effort, and expense investigating the Data Incident. It is clear from their track records of success, as outlined in their resumes, that Class Counsel are highly skilled and knowledgeable concerning class action practice. For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(g)(1), the Court appoints the following as Class Counsel to act on behalf of the Settlement Class and the Class Representatives with respect to the Settlement: Jeff Ostrow of Kopelowitz Ostrow P.A, Raina Borrelli of Strauss Borrelli PLLC, Leigh S. Montgomery of EKSM, LLP, Gary E. Mason of Mason LLP, and Gary M. Klinger of Milberg, PLLC.as Class Counsel;

7.    **Preliminary Approval of the Settlement:** The Court hereby preliminarily approves the Agreement as being fair, reasonable, and adequate, and in the best interest of the named Plaintiffs and the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below. The Court finds the Agreement meets the considerations set forth in Rule 23(e)(2).

8.    **Settlement Administrator:** The Court hereby approves Analytics Consulting LLC

4

as the Settlement Administrator to supervise and administer the Notice Program, as well as to administer the Agreement should the Court grant Final Approval.

9. **Approval of Notice Program and Notices:** The Court approves, as to form, content, and procedure, the Notice Program described in the Agreement, including the Postcard Notice and Long Form Notice, substantially in the forms attached as Exhibits to the Agreement. The Court finds that the Notice Program: (a) is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the Action, the terms of the Agreement, the effect of the proposed Agreement (including the Releases contained therein), and their right to opt-out of or to object to the proposed Agreement and appear at the Final Approval Hearing; (c) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Agreement; and (d) satisfies the requirements of Federal Rule of Civil Procedure 23, due process, the rules of this Court, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be posted on the Settlement Website and included in the Postcard Notice and Long Form Notice, respectively.

10. **Claim Form and Claims Process:** The Court approves the Claim Form as set forth in the Agreement, and the Claims process to be implemented by the Settlement Administrator. The Claim Form is straightforward and easy to complete, allowing each Settlement Class Member to elect the alternative benefits. Should the Court grant Final Approval of the Agreement, Settlement Class Members who do not opt-out of the Agreement shall be bound by its terms even if they do not submit Claims.

11. **Dissemination of Notice and Claim Forms:** The Court directs the Settlement Administrator to disseminate the Notices and Claim Form as approved herein. Class Counsel and

5

Defendant's counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Agreement that are not materially inconsistent with this order or the Agreement, including making, without the Court's further approval, minor form or content changes to the Notices and Claim Form they jointly agree are reasonable or necessary.

12.    **Opt-Outs from the Settlement Class:** The Notice shall provide that any member of the Settlement Class who wishes to opt-out from the Settlement Class must request exclusion in writing within the time and manner set forth in the Notice. The Notices shall provide that opt-out requests must be sent to the Settlement Administrator and be postmarked no later than the Opt-Out Deadline which is 30 days before the initial scheduled Final Approval Hearing. The opt-out request must strictly comply with the requirements outlined in the Settlement Agreement and the Long Form Notice.

13.    Any Settlement Class member who timely and validly opts -out from the Settlement Class shall, provided the Court grants Final Approval: (a) be excluded from the Settlement Class by Order of the Court; (b) not be a Settlement Class Member; (c) not be bound by the terms of the Settlement; and (d) have no right to the Settlement Class Member Benefits. Any Settlement Class member who does not timely and validly request to opt-out shall be bound by the terms of the Agreement.

14.    **Objections to the Settlement:** The Notice shall also provide that any Settlement Class Member who does not opt-out from the Settlement Class may object to the Agreement and/or the Application for Attorneys' Fees, Costs, and Service Awards. Objections must be filed with the Court and mailed to the Settlement Administrator, Class Counsel and Defendant's Counsel. Objections must strictly comply with the requirements set forth in the Settlement Agreement and the Long Form Notice. For an objection to be considered by the Court, the objection must be

6

submitted on behalf of a Settlement Class Member no later than the Objection Deadline which is 30 days before the initial scheduled Final Approval Hearing. When submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

15. Class Counsel and/or Defendant's counsel may conduct limited discovery on any objector or the objector's counsel, including the taking of depositions and propounding document requests.

16. Any Settlement Class Member who does not make an objection in the manner strictly provided herein shall be deemed to have waived the right to object to any aspect of the Settlement and/or to the Application for Attorneys' Fees, Costs, and Service Awards and, if Final Judgment is entered, shall forever be barred and foreclosed from raising such objections in this or any other proceeding and from challenging or opposing, or seeking to reverse, vacate, or modify, the Final Judgment or any aspect thereof.

17. All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Class. The Settlement Class Members who timely and validly request exclusion from the Settlement Class will be excluded from the Settlement Class, shall not have rights under the Agreement, and shall not be bound by the Agreement or any Final Approval order as to Defendant in this Action.

18. **Motion for Final Approval and Application for Attorneys' Fees, Costs, and**

**Service Awards:** Class Counsel intends to seek an award of attorneys' fees and costs of $217,000.00, to be paid by or on behalf of Defendant separate from Defendant's obligation to pay Settlement Administration Costs and the Settlement Class Member Benefits to Settlement Class Members.  Class Counsel also intends to seek Service Awards of up to $2,500.00 for each Class Representative, which shall be payable separate from the Settlement Class Member Benefits. These amounts appear reasonable, but the Court will defer ruling on those awards until the Final Approval Hearing when considering Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards.

19.    Class Counsel shall file their Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards no later than 45 days before the initial scheduled Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument in connection with Class Counsel's request for attorneys' fees and costs and Service Awards for the Class Representatives. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Agreement or to the Application for Attorneys' Fees, Costs, and Service Awards, provided the objector(s) submitted timely objections that meet all of the requirements listed in the Agreement and in this order.

20.    **Termination:** If the Agreement is terminated, not approved, canceled, fails to become effective for any reason, or the Effective Date does not occur, this order shall become null and void and shall be without prejudice to the rights of Plaintiffs, the Settlement Class members, and Defendant, all of whom shall be restored to their respective positions in the Action as provided in the Agreement.

21.    **Stay:** All pretrial proceedings in this Action are stayed and suspended until further

8

order of this Court, except such actions as may be necessary to implement the Agreement and this Preliminary Approval Order.

22.    **Continuing Litigation:** Upon the entry of this order, with the exception of Class Counsel's, Defendant's Counsel's, Defendant's, and the Class Representatives' implementation of the Agreement and the approval process in this Action, all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims or continuing any litigation, including in arbitration, against Defendant and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Agreement.

23.    **Jurisdiction:** For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over these proceedings to ensure the effectuation thereof in accordance with the Agreement preliminarily approved herein and the related orders of this Court.

24.    **Final Approval Hearing:** The Court will hold a Final Approval Hearing. The Final Approval Hearing will be conducted for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Agreement, is fair, reasonable, and adequate, and should be approved by the Court; (b) to determine whether an order of final judgment should be entered dismissing the Action on the merits and with prejudice (c) to determine whether any requested award of attorneys' fees and costs to Class Counsel and Service Awards to the Class Representatives should be approved; and (d) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted on the Settlement Website.

9

25.    **Schedule:** The Court hereby sets the following schedule of events:

| | |
|---|---|
| **Notice Program Begins** | Within 30 days after Preliminary Approval Order |
| **Deadline to file Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards** | 45 days before initial scheduled Final Approval Hearing date |
| **Opt-Out Deadline** | 30 days before initial scheduled Final Approval Hearing date |
| **Objection Deadline** | 30 days before initial scheduled Final Approval Hearing date |
| **Deadline to Submit Claim Forms** | 15 days before initial scheduled Final Approval Hearing date |
| **Final Approval Hearing** | **_____, _____ 2026, at __:__.** |

**SO ORDERED** this _____ day of _____, 2026.

_____
Chief Judge Philip A. Brimmer

10

— **EXHIBIT 5** —

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

MICHELLE O'LEARY, on behalf of herself and all others similarly situated,

Plaintiff,

v.

YES COMMUNITIES, LLC,

Defendant.

Case No. 25-cv-00692-PAB-NRN

(Consolidated with Case Nos. 25-cv-00698-PAB-NRN, 25-cv-00728-PAB-NRN, 25-cv00819-PAB-NRN, and 25-cv-00937-PAB-NRN)

## [PROPOSED] FINAL APPROVAL ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

WHEREAS, Plaintiffs submitted to the Court their Unopposed Motion for Final Approval of Class Settlement Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards (ECF No. ___);

WHEREAS, on _____, 2025, the Court entered its Preliminary Approval Order, which, *inter alia*: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action and certified the Settlement Class; (3) appointed Michelle O'Leary, Teresa Starks, Terry Wilkins, Brenton Kay, and Jasmin Burns as Class Representatives; (4) appointed Jeff Ostrow of Kopelowitz Ostrow P.A, Raina Borrelli of Strauss Borrelli PLLC, Leigh S. Montgomery of EKSM, LLP, Gary E. Mason of Mason LLP, and Gary M. Klinger of Milberg, PLLC as Class Counsel; (5) appointed Analytics Consulting LLC as the Settlement Administrator; (6) approved the form and manner of Notice and the Notice Program; (7) approved the Claim Form and Claims Process; and (8) set the Final Approval Hearing date (ECF No. ____);

WHEREAS, thereafter, Notice was provided to the Settlement Class in accordance with

the Court's Preliminary Approval Order;

WHEREAS, a notice of settlement was timely mailed to governmental entities as provided for under 28 U.S.C. § 1715;

WHEREAS, on _____, 2026, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider settlement Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.      This Final Approval Order incorporates the definitions in Section II of the Settlement Agreement and all capitalized terms used in this order have the same meanings.

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3.      The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23 and all other applicable law and rules. The Claims Process is also fair, and the Claim Form is easily understandable.

4.      Defendant has fully complied with the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

5.      The terms of the Settlement are fair, adequate, and reasonable. In so finding, the

2

Court has considered the Fed. R. Civ. P. 23(e)(2) factors and the factors considered by the Tenth Circuit from *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322 (10th Cir. 1984).

6. A list of the individuals who have opted-out of the Settlement is attached hereto as *Exhibit A*. Those individuals will not be bound by the Agreement or the Releases contained therein.

7. Based on the information presented to the Court, the Claims process has proceeded consistent with the Agreement and Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

8. The distribution plan for the distribution of Settlement Class Member Benefits proposed by the Parties in the Agreement is fair, reasonable, and adequate.

9. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

10. Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

11. All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Order.

12. The Court reaffirms the appointment of the Class Representatives, Class Counsel, and the Settlement Administrator.

13. The Court affirms its findings that the Settlement Class meets the relevant

3

requirements of Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) for only the purposes of the Settlement in that: (1) the number of members of the Settlement Class is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the members of the Settlement Class; (3) the claims of the Plaintiffs are typical of the claims of the members of the Settlement Class; (4) the Plaintiffs are adequate representatives for the Settlement Class, and have retained experienced and adequate Class Counsel; (5) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual members of the Settlement Class; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. In finding the Settlement fair, reasonable, and adequate, the Court has also considered that there were no objections to the Settlement, and only __ opt-outs, indicating an overwhelming positive reaction from the Settlement Class, and the opinion of competent counsel concerning such matters.

14.    Therefore, the Court finally certifies the following Settlement Class:

> All living individuals in the United States who were sent notice by Defendant that their Private Information was impacted in the Data Incident.

Excluded from the Settlement Class are all persons who are: (a) all persons who are directors and officers of Defendant; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

15.    Judgment shall be entered dismissing the Action with prejudice, on the merits.

16.    As of the Effective Date, and in exchange for the relief described in the Agreement, the Releasing Parties release the Released Parties with respect to the Released Claims pursuant to the terms of the Agreement.

17.    The Court, after careful review of the fee petition filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's

application for attorneys' fees and costs in the amount of $_____. Payment shall be made pursuant to the terms of the Settlement Agreement.

18.    Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves a payment to the Class Representatives in the amount of $_____. Defendant shall make such payment in accordance with the terms of the Settlement Agreement.

19.    Plaintiffs and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

20.    The Court hereby retains and reserves jurisdiction over: (1) implementation of this Settlement and any distributions to the Settlement Class Members; (2) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (3) all Parties, for the purpose of enforcing and administering the Settlement.

21.    In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, *nunc pro tunc*. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any proceeding. The Action shall return to its status immediately prior to execution of the Agreement.

22.     The Settlement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted out or any other person subject to the provisions of this Final Approval Order.

23.     This Final Approval Order, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability as a class for litigation of any claims that have been, or could have been, asserted in the Action.

24.     There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Fed. R. Civ. P. 58.

**SO ORDERED** on _____, 2026.

_____
Chief Judge Philip A. Brimmer

6

**EXHIBIT A**

**Opt-Out List**

(To Be Completed Before Final Approval Hearing)

1.

2.

3.