# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 25-cv-00692-PAB-NRN

(Consolidated with Civil Case Nos. 25-cv-00698-PAB-NRN, 25-cv-00728-PAB-NRN, 25-cv-00819-PAB-NRN, and 25-cv-00937-KAS)

---

Civil Case No. 25-cv-00692-PAB-NRN

MICHELLE O'LEARY, on behalf of herself and all others similarly situated,

Plaintiff,

v.

YES COMMUNITIES, LLC,

Defendant.

---

Civil Case No. 25-cv-00698-PAB-NRN

TERRY WILKINS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

YES COMMUNITIES, LLC,

Defendant.

---

Civil Case No. 25-cv-00728-PAB-NRN

TERESA STARKS, on behalf of herself and all others similarly situated,

Plaintiff,

v.

YES COMMUNITIES, LLC,

Defendant.

---

Civil Case No. 25-cv-00819-PAB-NRN

BRENTON KAY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

YES COMMUNITIES, LLC,

Defendant.

Civil Case No. 25-cv-00937-KAS

JASMIN BURNS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

YES COMMUNITIES, LLC,

Defendant.

**DECLARATION OF GARY M. KLINGER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

I, Gary M. Klinger, being competent to testify, make the following declaration:

1. I am currently a partner of the law firm Milberg, PLLC ("Milberg"). My credentials and those of other Class Counsel in this matter were previously outlined for this Court in the declaration submitted in connection with the Motion for Preliminary Approval. I have been appointed co-class counsel for Plaintiffs in this matter. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could and would competently testify to them if called upon to do so.

2. Class Counsel's work in this matter, and the work of others in our law firms involved investigating the cause and effects of the Yes Communities, LLC ("YCL" or

"Defendant") Data Incident, interviewing potential clients, evaluating the potential class representatives, contributing to the evaluation of the merits of the case before filing the Complaint; conducting legal research; conducting extensive research into data security incidents and their causes and effects, conducting further extensive research into data security practices and standards; drafting and filing the Complaint; drafting and filing the Consolidate Complaint; obtained information from Defendant regarding the Data Incident and analyzed that information; exchanging detailed mediation statements; engaging in extensive settlement negotiations with Defendant over the course of weeks, including a full date mediation session with a neutral third party mediator; drafting the settlement term sheet, the settlement agreement, the relevant notices of settlement, the Motion for Preliminary Approval, and this instant motion for attorneys' fees; appearing for and arguing the motion for preliminary approval; communicating with defense counsel; updating and handling questions from our class representatives; overseeing the launching of the notice program with substantial interaction between me and the Settlement Administrator; and overseeing the claims process. I conferred with my colleagues about strategy and case status while being mindful to avoid duplicative efforts within my firm.

3. Continuing through to today co-counsel and I have continued to work with Defendant and the Settlement Administrator regarding claims administration and processing as well as answering class members questions about the settlement and the process.

4. Based on my past experience I and my law firm expect to spend another 20-40 hours seeking final approval, defending the Settlement from and potential objections, and supervising claims administration and the distribution of proceeds.

5. As of the date of filing, I have received no objections to the Settlement Agreement in general, and no objections to the proposed attorneys' fees, costs (the amount of which was made

known to the Class via the Court-approved notice program) in particular. It is my understanding that the Settlement Administrator also has received no opt-outs and no objections.

**The Contingent Nature of the Case**

6. Class Counsel prosecuted this case on a purely contingent basis. As such, each firm assumed a significant risk or nonpayment or underpayment. The retainer agreements Settlement Class Counsel has with Plaintiffs do not provide for fees apart from those earned on a contingent basis, and, in the case of class settlement, attorneys' fees would only be awarded to Settlement Class Counsel, if approved by the Court. As such, attorneys' fees were not guaranteed in this case. Thus, Settlement Class Counsel took on these significant risks knowing full well their efforts may not bear fruit.

7. This matter has required me, my co-counsel, and other attorneys at our respective firms to spend time on this litigation that could have been spent on other matters. At various times during the litigation of this class action, this lawsuit has consumed significant amounts of Class Counsel's time.

8. Such time could otherwise have been spent on other fee-generating work. Because our firms undertook representation of this matter on a contingency-fee basis, we shouldered the risk of expending substantial costs and time in litigating the action without any monetary gain in the event of an adverse judgment.

9. If not devoted to litigating this action, from which any remuneration is wholly contingent on a successful outcome, the time our firms spent working on this case could and would have been spent pursuing other potentially fee generating matters.

10. Litigation is inherently unpredictable and therefore risky. Here, that risk was very real, due to the rapidly evolving nature of case law pertaining to data breach litigation, and the

state of data privacy law. Therefore, despite Class Counsel's devotion to the case and our confidence in the claims alleged against Defendant, there have been many factors beyond our control that posed significant risks.

11. The fees contemplated under Class Counsel's representation agreements for cases in this District and elsewhere generally fall within the one-third to 40% range. Class Counsel's fees were not guaranteed—the retainer agreement counsel had with Plaintiffs did not provide for fees apart from those earned on a contingent basis, and, in the case of class settlement, approved by the court.

**The Costs and Fees Incurred**

12. Due to the early stage of litigation and efficiency by which Class Counsel was able to obtain this significant settlement, expenses and fees incurred by Plaintiffs are low.

13. In total Class Counsel has dedicated 338.7 hours working on this matter, resulting in $263,671.70 in reasonable attorneys' fees when billed at our customary rates.

14. Additional time will be spent preparing for and attending the Final Approval Hearing, defending any appeals taken from the final judgment approving Settlement, and ensuring that the claims process and distribution of Settlement proceeds to Class Members is done in a timely manner in accordance with the terms of the Settlement. Based upon my past experience, I estimate that another 20-40 hours of attorney time will be reasonably expended on this matter. I assert that the attorneys' fees sought in the Motion for Attorneys' Fees, Costs, and Service Awards are reasonable and seek fair and reasonable compensation for undertaking this case on a contingency basis, and for obtaining the relief for Plaintiffs and the Class. As set forth in the Settlement Agreement, the attorneys' fees and expenses sought in this Motion will not reduce the benefits payable to the Class.

15. Where possible, Class Counsel made efforts to carefully assign work so as to avoid duplication of efforts and have the work completed by the appropriate level of attorney.

16. Upon request, I can provide detailed contemporaneous records to the Court for review.

17. All books and records in this case regarding costs expended were maintained in the ordinary course of business, from expense vouchers and check records. I have reviewed the records of costs expended in this matter.

18. Class Counsel have also accrued $7,001.29 in out-of-pocket expenses pertaining to this litigation, including; filing fees, pro hac vice fees, fees for service of process, and mediation fees.

19. These costs are reasonable, and necessary for the litigation, and are modest in comparison to the enormous costs that likely would have been incurred if litigation had continued. Reimbursement of these costs is sought as part of (and not in addition to) the $217,000 in combined attorney fees and expenses requested. Based upon my past experience, the amount of out-of-pocket case expenses will increase prior to Final Approval, and will include additional expenses to appear at the Final Approval Hearing.

20. The Settlement Agreement calls for reasonable service awards to Plaintiffs in the amount of $2,500 each, subject to approval of the Court, in addition to any benefits provided to Settlement Class Members and the costs of notice and settlement administration and separate from any award of attorneys' fees and costs. The Service Awards are meant to recognize Plaintiffs for their efforts on behalf of the Class, including assisting in the investigation of the case, maintaining contact with counsel, reviewing the pleadings, answering counsel's many questions, communicating with counsel during the settlement negotiations, and reviewing the terms of the

Settlement Agreement. Plaintiffs were not promised an service award, nor did they condition their representation on the expectation of an incentive award.

21. I strongly believe that the Settlement Agreement is favorable for the Settlement Class. The Settlement addresses the type of injury and repercussions sustained by Settlement Class Members in the wake of the Data Incident. In the opinion of the undersigned and other Class Counsel, the settlement is fair, reasonable, adequate, as are the attorneys' fees, expenses, and service awards requested here.

22. Although Plaintiffs believe in the merits of their claims, this litigation was inherently risky and complex. The claims involve the intricacies of data breach litigation (a fast-developing area in the law), and the Plaintiffs would face risks at each stage of litigation. Against these risks, it was through the hard-fought negotiations and the skill and hard work of Settlement Class Counsel and the Class Representatives that the Settlement was achieved for the benefit of the Settlement Class.

* * * * * * * * * * * * *

I declare under penalty of perjury under the laws of the State of Colorado that that foregoing is true and correct.

Executed this 6th day of October, 2026 at Chicago, Illinois.

*/s/ Gary M. Klinger*

Gary M. Klinger