**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| MICHELLE O'LEARY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YES COMMUNITIES, LLC,<br><br>Defendant. | Case No. 25-cv-00692-PAB-NRN<br><br>(Consolidated with Case Nos. 25-cv-00698-PAB-NRN, 25-cv-00728-PAB-NRN, 25-cv00819-PAB-NRN, and 25-cv-00937-PAB-NRN) |

**[PROPOSED] FINAL APPROVAL ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

WHEREAS, Plaintiffs submitted to the Court their Unopposed Motion for Final Approval of Class Settlement Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards (ECF Nos. 57 and 58);

WHEREAS, on July 22, 2026, the Court entered its Preliminary Approval Order, which, *inter alia*: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action and certified the Settlement Class; (3) appointed Michelle O'Leary, Teresa Starks, Terry Wilkins, Brenton Kay, and Jasmin Burns as Class Representatives; (4) appointed Jeff Ostrow of Kopelowitz Ostrow P.A, Raina Borrelli of Strauss Borrelli PLLC, Leigh S. Montgomery of EKSM, LLP, Gary E. Mason of Mason LLP, and Gary M. Klinger of Milberg, PLLC as Class Counsel; (5) appointed Analytics Consulting LLC as the Settlement Administrator; (6) approved the form and manner of Notice and the Notice Program; (7) approved the Claim Form and Claims Process; and (8) set the Final Approval Hearing date (ECF No. 55);

WHEREAS, thereafter, Notice was provided to the Settlement Class in accordance with

the Court's Preliminary Approval Order;

WHEREAS, a notice of settlement was timely mailed to governmental entities as provided for under 28 U.S.C. § 1715;

WHEREAS, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider settlement Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Final Approval Order incorporates the definitions in Section II of the Settlement Agreement and all capitalized terms used in this order have the same meanings.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23 and all other applicable law and rules. The Claims Process is also fair, and the Claim Form is easily understandable.

4. Defendant has fully complied with the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

5. The terms of the Settlement are fair, adequate, and reasonable. In so finding, the

Court has considered the Fed. R. Civ. P. 23(e)(2) factors and the factors considered by the Tenth Circuit from *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322 (10th Cir. 1984).

6. A list of the individuals who have opted-out of the Settlement is attached hereto as *Exhibit A*. Those individuals will not be bound by the Agreement or the Releases contained therein.

7. Based on the information presented to the Court, the Claims process has proceeded consistent with the Agreement and Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

8. The distribution plan for the distribution of Settlement Class Member Benefits proposed by the Parties in the Agreement is fair, reasonable, and adequate.

9. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

10. Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

11. All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Order.

12. The Court reaffirms the appointment of the Class Representatives, Class Counsel, and the Settlement Administrator.

13. The Court affirms its findings that the Settlement Class meets the relevant

requirements of Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) for only the purposes of the Settlement in that: (1) the number of members of the Settlement Class is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the members of the Settlement Class; (3) the claims of the Plaintiffs are typical of the claims of the members of the Settlement Class; (4) the Plaintiffs are adequate representatives for the Settlement Class, and have retained experienced and adequate Class Counsel; (5) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual members of the Settlement Class; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. In finding the Settlement fair, reasonable, and adequate, the Court has also considered that there were no objections to the Settlement, and only __ opt-outs, indicating an overwhelming positive reaction from the Settlement Class, and the opinion of competent counsel concerning such matters.

14. Therefore, the Court finally certifies the following Settlement Class:

> All living individuals in the United States who were sent notice by Defendant that their Private Information was impacted in the Data Incident.

Excluded from the Settlement Class are all persons who are: (a) all persons who are directors and officers of Defendant; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

15. Judgment shall be entered dismissing the Action with prejudice, on the merits.

16. As of the Effective Date, and in exchange for the relief described in the Agreement, the Releasing Parties release the Released Parties with respect to the Released Claims pursuant to the terms of the Agreement.

17. The Court, after careful review of the fee petition filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's

application for attorneys' fees and costs in the amount of $217,000. Payment shall be made pursuant to the terms of the Settlement Agreement.

18. Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves a payment to the Class Representatives in the amount of $2,500 each. Defendant shall make such payment in accordance with the terms of the Settlement Agreement.

19. Plaintiffs and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal. Settlement Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Settlement.

20. The Court hereby retains and reserves jurisdiction over: (1) implementation of this Settlement and any distributions to the Settlement Class Members; (2) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (3) all Parties, for the purpose of enforcing and administering the Settlement.

21. In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, *nunc pro tunc*. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and have no further force and effect, shall

not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any proceeding. The Action shall return to its status immediately prior to execution of the Agreement.

22. The Settlement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted out or any other person subject to the provisions of this Final Approval Order.

23. This Final Approval Order, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability as a class for litigation of any claims that have been, or could have been, asserted in the Action.

24. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Fed. R. Civ. P. 58.

**SO ORDERED** on _________________, 2026.

_________________________________

Chief Judge Philip A. Brimmer

# EXHIBIT A

## Opt-Out List

1. None